## 41103. MELTON v. THE STATE.
(317 SE2d 839)

SMITH, Justice.

Following a trial before a Richmond County jury, Jerome Ronnie Melton, appellant, was found guilty of possession of a firearm by a convicted felon, attempted armed robbery, and the felony murder of Fred Justin Howarth III. The trial court, properly noting that the underlying felony of attempted armed robbery is a lesser included offense of felony murder, sentenced Melton only for felony murder. He was sentenced to life for felony murder and to five years for possession of a firearm, the sentences to run consecutively. On appeal, Melton raises three enumerations of error. Finding no error, we affirm.

At approximately 4 o'clock the morning of May 8, 1983, Fred Justin Howarth III was shot to death. Howarth and his wife were loading newspapers from a well-illuminated loading dock into their automobile for later delivery. Mrs. Howarth testified that she noticed a man, later identified as Melton, "standing pressed up beside the building." Mrs. Howarth stared at Melton for a few seconds. He glared back at her, causing her to be fearful, and she began to scream. Melton then jumped forward and demanded that the victim give up his watch. Howarth moved to stand between Melton and his wife and made a motion and sound to frighten Melton. Melton fired one shot, striking Howarth in the head and causing his immediate collapse.

Mrs. Howarth went for help. Within a matter of moments she and Lieutenant Wayne Pinkston of the Richmond County Sheriff's Department were back at the scene of the crime. Mrs. Howarth gave Lieutenant Pinkston and the other officers who arrived a complete description of the man she saw.

Melton, who fit the description given by Mrs. Howarth, was found partially concealed under some nearby shrubbery at approximately 4:30 a.m. A .32 calibre pistol was found within 150 feet of Melton's hiding place. According to the testimony of the microanalyst of the State Crime Laboratory, it was the weapon that fired the fatal shot.

During the trial Melton testified that he offered a man, previously unknown to him, a ride in his car. The man, who Melton called "Red," told Melton he was going to rob someone. Realizing that "Red" had a gun, and fearing for his own life, Melton agreed to act as "look-out." According to Melton's testimony he ran away as soon as he heard the gun fired.

Melton was taken from his hiding place and transported to Talmadge Hospital for possible identification by Mrs. Howarth. After viewing Melton both in and out of the car, Mrs. Howarth positively identified him as the man who killed her husband.

The indictment charged the defendant with attempted armed

robbery, murder, and possession of a firearm by a convicted felon. The initial charge to the jury failed to define the offense of armed robbery. The jury was thereafter given a supplementary charge on the offense of armed robbery.

1. Although not enumerated as error by appellant, we find that the evidence presented at trial authorized a rational trier of fact to find appellant guilty beyond a reasonable doubt of the crimes charged. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends as his first enumeration of error, that the trial court failed to exclude his in-court identification. He alleged that it was inadmissible as a result of the pretrial identification at the hospital. Appellant admits that no objection or motion to strike was made at the trial with regard to the in-court identification. Therefore, the issue may not be presented to this court for the first time on appeal. *Reynolds v. State*, 168 Ga. App. 555, 556 (309 SE2d 867) (1983).

3. Appellant's second contention was decided adversely to his position in *Sanders v. State*, 251 Ga. 70, 77 (303 SE2d 13) (1983), where this court held that it is not error to refuse to charge on abandonment once a crime has been completed. Appellant testified that the fatal shot had been fired before he ran away.

4. Finally, appellant contends that the supplemental charge to the jury over-emphasized the appellant's possible guilt. The trial court did not use the words "not guilty" in the supplemental charge. The court did instruct the jury that one of their possible verdicts could be, "We the Jury find for the Defendant." When viewed in its entirety, the charge fairly instructed the jurors that they could find the appellant not guilty. *Lumpkin v. State*, 249 Ga. 834, 836-837 (295 SE2d 86) (1982).

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 16, 1984.

*H. William Sams, Jr.,* for appellant.

*Sam B. Sibley, Jr., District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn,* for appellee.