## 43120. WOOD v. THE STATE.
### (341 SE2d 442)

CLARKE, Justice.

Appellant was convicted of the felony murder of Robyn Peskin.[1] According to eyewitness testimony, when appellant, the owner of World War II Nazi memorabilia, put on a German helmet, the victim exclaimed, "Oh, Oh, Chris, you know I'm Jewish." At that point appellant fired a pistol at her, killing her. The eyewitness fled from the apartment. Appellant called authorities and then rearranged the scene to make it look like the victim shot herself. He claimed he never touched the gun. He later changed his story to claim that the gun went off as he reached for it.

1. The evidence in this case is sufficient under the test enunciated in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends that the trial court erred in restricting voir dire by refusing to allow him to ask prospective jurors if they would follow the law as handed down by the court. There was no error in refusing to allow this question which was repetitive in light of a simi-

---

[1] The crime occurred on December 8, 1984. Appellant was indicted March 15, 1985, for malice murder and felony murder. He was convicted of felony murder on April 18, 1985, after a jury trial, and sentenced April 19, 1985, to life imprisonment. A motion for new trial filed May 8, 1985, and amended September 26, 1985, was overruled September 27, 1985. On July 23, 1985, the transcript was certified. The notice of appeal was filed October 22, 1985, and the case was docketed in this court on January 14, 1986. The case was argued March 10, 1986.

lar question which had been asked by the court.

3. Appellant complains that the court ruled unqualified a witness whom he had called to impeach the character of David Morgan, the eyewitness to the shooting. The court found that he was unqualified because his testimony was based on his own personal knowledge of and bias against Morgan instead of being based on his knowledge of Morgan's reputation in the community. Appellant argues that the witness testified that he had lived in the same community as Morgan for a time and that Morgan's reputation in the community was bad. However, during questioning by the court he said that his personal dealings with Morgan caused him to doubt his veracity. We cannot find that the court erred in finding this witness unqualified. OCGA § 24-9-84 requires that a character witness testify to the reputation for truth and veracity in the community. The court's finding that the testimony here was based only on the witness' personal dealings with Morgan was sufficient to disqualify him.

4. In his fourth and fifth enumerations of error the appellant contends that the court erred in allowing certain photographs into evidence. One of the photographs he complains of was a photograph of appellant dressed in German military clothing and wearing firearms. The picture bore an inscription in German. Appellant insists that this picture had no relevance to the issues being tried and that its introduction was solely for the purpose of influencing the jury. We do not agree. The photograph was relevant to show the appellant's bent of mind.

Appellant also insists that photographs of German memorabilia in his living room and of a human skull were irrelevant. Although the bedroom, not the living room, was the scene of the crime, these photographs were relevant as indicative of appellant's bent of mind. The fact that it incidentally brings a defendant's character into issue will not cause otherwise relevant evidence to be inadmissible. *Friar v. State*, 253 Ga. 87 (316 SE2d 466) (1984); *Daniels v. State*, 252 Ga. 30 (310 SE2d 904) (1984). We find the probative value of the photograph of appellant in German regalia and the photographs of the German memorabilia and skull in his living room outweigh the danger of prejudice to appellant and were properly admitted. The other exhibits complained of were also admissible as relevant.

5. In a related enumeration of error, appellant complains of the admission of a high school graduation photograph of the victim in that it makes the victim look too "clean cut." Since appellant's theory of her death was that she was a drug addict who accidentally shot herself, her graduation photograph was relevant to rebut this image.

6. In his final enumeration of error, appellant claims that the court's recharging the jury on aggravated assault was prejudicial in that it unduly emphasized the charge of aggravated assault. We find

no error. The court's initial charge on aggravated assault was incomplete. The recharge was simply an amplification which made the original charge more complete. There was no error in giving the additional charge. *Melton v. State*, 253 Ga. 178 (317 SE2d 839) (1984).

*Judgment affirmed. Marshall, C. J., Smith, Gregory, Weltner and Bell, JJ., concur.*

DECIDED APRIL 9, 1986 —
RECONSIDERATION DENIED APRIL 24, 1986.

*Thomas R. Moran, Timothy L. Barton,* for appellant.

*Lewis R. Slaton, District Attorney, Richard E. Hicks, Joseph J. Drolet, Assistant District Attorneys, Michael J. Bowers, Attorney General, Dennis R. Dunn, Staff Assistant Attorney General,* for appellee.