76563. LEWIS v. THE STATE.
(372 SE2d 482)

BENHAM, Judge.

Appellant, tried with a co-indictee, was found guilty of burglary, armed robbery, and possession of a firearm during the commission of a felony.

1. In his first enumerated error, appellant contends the trial court erred in denying his motion for continuance made in order that he might be represented by an attorney his mother had allegedly hired. "The Constitution of Georgia, Art. I, Sec. I, Par. V . . . has been interpreted to confer upon every criminal defendant the right to be represented 'by counsel of his own selection whenever he is able and willing to employ an attorney and uses reasonable diligence to obtain his services.' [Cit.]" *Reid v. State*, 237 Ga. 106 (2) (227 SE2d 24) (1976). "Whether a particular defendant has exercised 'reasonable diligence' in procuring counsel is a factual question, and the grant or denial of a request for continuance on grounds of absence of retained counsel is a decision within the sound discretion of the trial judge, reversible only for an abuse of that discretion." *Shaw v. State*, 251 Ga. 109, 111 (303 SE2d 448) (1983).

In the case at bar, appellant sought the continuance the morning his trial was scheduled to begin. While appellant and his sister testified that their mother had hired a certain attorney to represent appellant, there was no evidence of such an arrangement. Compare *Shaw v.*

*State,* supra. Prefacing its denial of the motion for continuance, the trial court noted that appellant had been aware of his trial date for 17 days; that he had accepted the representation of the public defender for those 17 days; that no other attorney had identified himself as representing appellant; and that witnesses had been subpoenaed and jurors made available. We further note that no one present knew the whereabouts of counsel alleged to have been retained. "These facts do not display the diligence by appellant or his alleged retained counsel which is contemplated by the Georgia Constitution or the Sixth Amendment, and is not sufficient to show an abuse of discretion by the trial court in proceeding with the trial." *Reid v. State,* supra at 108.

2. Appellant next contends that the trial court erroneously permitted the assistant district attorney to cross-examine appellant about his failure to discuss his version of the events with anyone prior to trial. Appellant, however, voiced no objection to the cross-examination at trial. "[T]his court has often noted that even an otherwise valid objection is waived unless timely made at trial. [Cit.] Objections presented for the first time on appeal furnish nothing for us to review, for this is a court for correction of errors of law committed by the trial court where proper exception is taken, because one may not abandon an issue in the trial court and on appeal raise questions or issues neither raised nor ruled on by the trial court. [Cit.]" *Butler v. State,* 172 Ga. App. 405 (1) (323 SE2d 628) (1984).

3. In his final enumeration of error, appellant argues that the trial court erred in allowing the assistant district attorney to cross-examine appellant's co-defendant about the co-defendant's failure to tell the police the co-defendant's version of the events. "Appellant cannot enumerate error as to another defendant in the case, as no harm to *appellant* could be caused. . . ." *Garner v. State,* 174 Ga. App. 628 (3) (330 SE2d 750) (1985).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 6, 1988.

Johnny Lewis, *pro se.*

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Nancy A. Grace, Assistant District Attorneys* for appellee.