77265. MEIER v. THE STATE.
(379 SE2d 588)

BEASLEY, Judge.

Meier appeals his conviction and sentence for aggravated sodomy, OCGA § 16-6-2.

1. Appellant enumerates error in failing to record the voir dire after defense counsel specifically requested recordation. He maintains that he was unaware that voir dire was not being recorded and so was not on notice to perfect the record.

The court stated: "She doesn't normally report voir dire. If you want it down — it's something that I don't — they won't report voir dire or opening and closing unless it's requested." Defense counsel: "We should request it, Your Honor, then." Thereupon, an overnight recess occurred.

Appellant made no attempt to have the record or transcript amended to include any objectionable matter which might have transpired during voir dire. OCGA § 5-6-41 (f). The entire voir dire is not required to be reported in all felony cases. *State v. Graham*, 246 Ga. 341 (271 SE2d 627) (1980). " 'Where the transcript or record does not fully disclose what transpired at trial, the burden is on the complaining party to have the record completed in the trial court under the provisions of OCGA § 5-6-41 (f) . . . When this is not done, there is nothing for the appellate court to review. [Cit.]' [Cits.]" *Vaughn v.*

*State*, 173 Ga. App. 716, 718 (7) (327 SE2d 747) (1985).

Furthermore, appellant does not cite any specific objection made during voir dire or claim any specific harm from the lack of transcription; therefore, the omission cannot be reversible error. *Smith v. State*, 251 Ga. 229, 230 (2) (304 SE2d 716) (1983).

2. Appellant contends that the trial court erred in allowing evidence of prior acts because they were not similar to the charged offense, thus permitting the State to impermissibly place his character in issue. He maintains that the prior acts were not forcible, were merely "love pats" or suggestive remarks, and that they were introduced by the State to show that he was a homosexual and to exploit his lifestyle for the jury.

The evidence construed so as to uphold the verdict, *Thomas v. State*, 175 Ga. App. 873, 874 (1) (334 SE2d 903) (1985), showed the following: Meier was a department head in Cobb County and the victim was a seventeen-year-old student who worked part-time. The student took Meier one of his senior photographs because the student felt Meier cared about him as Meier had often inquired about his sports and school work. The student delivered the photo and left. Meier summoned him back into his office saying that he had some books for the student to look at. The office was small and cluttered. Meier left while the student examined the books which were about "working out." Meier returned, closed the door, said he was tired, and told the boy to stand up. He pulled the boy's pants and underwear down and performed oral sex on him. The boy was scared and "froze." After two or three minutes, Meier pulled out a handkerchief, wiped the boy and his own mouth off, and said, "this is not the right time or the right place." The boy took money offered for a soda and left.

The prior incidents at issue all involved sexual advances, either physical and/or verbal initiated by Meier and made to young males who were either employees or prospective employees of the archaeology department. All but one of the incidents took place in the department's offices or on location doing business. In addition, contrary to appellant's contention, the prior incidents were not shown to be consensual.

"[T]here is no requirement that a previous offense be absolutely identical to the one being prosecuted so as to make it admissible, [cit.] . . . ." *Mims v. State*, 180 Ga. App. 3, 5 (2) (348 SE2d 498) (1986). "Evidence of other similar crimes by a defendant is admissible if there is 'sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter. [Cits.]' [Cit.] Such evidence may be admitted to show state of mind or intent of a defendant. [Cit.] 'In crimes involving sexual offenses, evidence of similar previous transactions is admissible "to

show the lustful disposition of the defendant and to corroborate the testimony of the victim as to the act charged." [Cits.]' [Cit.]" *Felts v. State*, 154 Ga. App. 571 (2) (269 SE2d 73) (1980).

The prior acts were sufficiently similar so as to be admissible for the permissible limited purposes.

3. Appellant further contends that the trial court erred in failing to conduct an evidentiary hearing on the admissibility of the similar transactions rather than relying on the assistant district attorney's statements in his place as to what the similar transaction evidence would show. He maintains that the proffer of evidence of the transactions was dramatically different than the actual trial testimony of the prior acts.

Uniform Superior Court Rule 31.3 "clearly grants the trial court discretion as to the reception of evidence. There is no *per se* right to an evidentiary hearing, only to a hearing, nor any mandatory obligation to produce testimonial evidence." *Hall v. State*, 181 Ga. App. 92, 93 (1) (c) (351 SE2d 236) (1986). The statement in place as to what was expected to be shown revealed facts so as to constitute sufficient similarity, especially as regards sexual crimes, between the prior acts and the offense on trial to permit the admission of such evidence. Id.

Any eventual disparity between the stated expected evidence and the actual testimony has not been shown to have been known or anticipated by the State at the time of the hearing in the matter. In any event, we do not find such dramatic disparity as claimed by appellant so as to render the acts inadmissible for the stated purposes.

4. Appellant contends that the trial court erred in allowing the State to impermissibly place his character in issue by the introduction of pornographic materials which had been seized from a county laboratory. He maintains that there was insufficient evidence to connect him to the pornography, especially some materials found subsequent to the police search. He further argues that even if ownership was sufficiently shown, it in and of itself did not show bent of mind, intent, motive, lustful disposition or proclivity toward forcible sexual acts.

There was evidence that only Meier and one other person had keys to the laboratory. The other individual testified that a new lock had been placed on the door which could only be opened by a key given him by Meier. There was evidence that Meier did not allow other employees in the laboratory and often slept there. The seized materials which included more than two hundred pornographic magazines were found in a space containing a cot and numerous personal effects of Meiers.

The materials found later were discovered in the office containing Meier's personal effects and in a desk containing correspondence to and from Meier.

The circumstantial evidence was sufficient to enable the jury to link Meier to the pornography and to permit the jury to determine the relevance if any to the issue on trial. " '(W)hen the relevance of evidence is in doubt, the Georgia rule favors its admission and submission to the jury with any needed instructions. [Cit.]' " *Graham v. State*, 250 Ga. 473, 475 (3) (298 SE2d 499) (1983). Moreover, the possession of such materials " 'does have a tendency to show bent of mind toward sexual conduct. [Cits.]' [Cit.]" *Carter v. State*, 177 Ga. App. 647, 648 (2) (340 SE2d 622) (1986). Inasmuch as the pornography arguably was relevant, the fact that it might have incidentally brought the defendant's character into issue would not cause it to be inadmissible. *Wood v. State*, 255 Ga. 697, 698 (4) (341 SE2d 442) (1986).

5. Appellant contends that the court erred by allowing the State to question its witnesses about the physical state of the laboratory because it was not relevant to any issue on trial and placed his character in issue. He further maintains that the testimony should not have been permitted because it contained evidence of another crime, maintaining a disorderly house, OCGA § 16-11-44, and he was not given the requisite notice under the Uniform Rules of the State's intention to present evidence of this other crime.

Contrary to appellant's contention, the laboratory's condition was relevant to show the circumstances surrounding the seizure of the pornography. Furthermore, the State did not elicit the testimony to show defendant had committed another criminal act. Even if the disarray did incidentally place defendant's character in issue, it would not render the testimony inadmissible. *Wood v. State*, supra at 698 (4).

In addition, several witnesses testified to the laboratory's poor condition. Defendant objected on the basis urged only as to one of the witnesses. Such objection as to the other witnesses was waived for "[a]n objection not raised at trial is waived." *Hardeman v. State*, 252 Ga. 286, 288 (2) (313 SE2d 95) (1984). The objected-to testimony, even if error, would have been harmless in light of the like evidence admitted without objection. *Griffin v. State*, 170 Ga. App. 287, 290 (3) (316 SE2d 797) (1984).

6. Appellant contends the trial court erred in failing to give a requested charge on simple battery, OCGA § 16-5-23, because it was justified by the evidence.

Defendant presented no evidence. In closing argument, defense counsel advanced the theory that the student initiated the incident and was rejected by defendant. The uncontradicted testimony of the victim was sufficient to have enabled the jury to find that defendant committed the offense of aggravated sodomy beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560)

(1979). Under these circumstances, nothing required the court to give the jury instruction on simple battery. See *Shields v. State*, 162 Ga. App. 388 (2) (291 SE2d 448) (1982).

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 23, 1989 —
REHEARING DENIED MARCH 8, 1989.

*James H. Whitmer*, for appellant.

*Thomas J. Charron, District Attorney, Debra H. Bernes, Nancy I. Jordan, Donald T. Phillips, Assistant District Attorneys*, for appellee.