A89A0214. BRENNON v. THE STATE.
A89A0215. GLENN v. THE STATE.
(382 SE2d 682)

SOGNIER, Judge.

Ike Deleno Brennon and Ray Allen Glenn were convicted of attempt or conspiracy to commit trafficking in cocaine. Their appeals are consolidated in this opinion.

Viewing the evidence to uphold the verdict, the jury was authorized to believe that police officers in Glynn County received information from an undercover law enforcement agent regarding the suspicious behavior of appellant Glenn. Pursuant to this information, the police placed the motel room in which Glenn stayed when he arrived in Brunswick under observation. Police also obtained a list of the telephone calls placed by Glenn from his room. Included in the list was the telephone number of a night club in McIntosh County owned by appellant Brennon and operated by his sister, Juanita Jackson. While the motel room was under observation, Jackson was seen parking in a space near Glenn's room, walking up the stairs leading to his room, and emerging with another woman shortly thereafter. The two women departed and were followed by the police. When the police subsequently stopped Jackson, her car was searched with her consent and five plastic bags containing what later was established to be 243.8 grams of 80.1 percent pure crack cocaine were found in her handbag.

Jackson gave a statement to Officer Dennis Krauss and testified at trial that she had obtained the cocaine from Glenn at the motel. Jackson testified that her brother, appellant Brennon, had given her $7,500 and asked her to pick up a package from Glenn, and that she gave Glenn the money and received the cocaine in exchange. Shortly after Jackson was stopped, an automobile in which Brennon was a passenger was driven into the parking lot of the motel where Glenn was staying. The occupants looked around for a few minutes without leaving the vehicle, then began driving away. The police stopped the vehicle and discovered no contraband, but found large amounts of cash on the occupants as well as a gun claimed by a co-defendant. Execution of a search warrant on Glenn's motel room revealed $7,413 in cash but no contraband.

1. Both appellants contend the trial court erred by charging the jury on conspiracy because the charge was not supported by the evidence. " ' "(I)t is the duty of the judge, with or without request, to give the jury an appropriate instruction as to the law on each substantive point of issue involved in (a) case" so as to enable the jury to judiciously decide the guilt or innocence of a defendant. (Cits.)' [Cit.]" *Turner v. State*, 178 Ga. App. 888, 890 (3) (345 SE2d 99) (1986). We do not agree with appellants that no evidence regarding the offense with which they were charged was introduced at trial. Compare *Joiner v. State*, 163 Ga. App. 521, 523 (5) (295 SE2d 219) (1982). "A conspiracy may be reflected by inference arising from a deduction from acts and conduct showing a common design to act together for the accomplishment of an unlawful purpose. [Cit.]" *Camp v. State*, 181 Ga. App. 714, 717 (3) (353 SE2d 832) (1987). There was sufficient evidence produced at appellants' trial to authorize a rational trier of fact to find that a conspiracy existed to commit trafficking in cocaine and that appellants were members of that conspiracy. Thus, the evidence authorized a charge on the law of conspiracy. See generally *Hart v. State*, 185 Ga. App. 141 (1) (363 SE2d 599) (1987).

2. *Christmas v. State*, 171 Ga. App. 4, 6-7 (1) (318 SE2d 682) (1984) controls both appellants' second enumerations adversely to them.

3. Appellants enumerate as error the denial of their motions for directed verdict and new trial made on the basis that the testimony of Jackson, an accomplice, was not corroborated by independent evidence as required by OCGA § 24-4-8. However, independent of Jackson's testimony, evidence was adduced that Jackson and Brennon are siblings, that she operated Brennon's night club for him, that Glenn placed telephone calls from his motel room to Brennon's night club, that Jackson thereafter arrived at Glenn's motel room, that Glenn was found with nearly $7,500 cash in his possession, and that Brennon was present at the parking lot near Glenn's motel room shortly

after the time the alleged transaction between Jackson and Glenn occurred. "A defendant may not be convicted on the uncorroborated testimony of an accomplice. OCGA § 24-4-8. 'However, the corroborating evidence need not of itself be sufficient to warrant a conviction of the crime charged. (Cit.) Slight evidence from an extraneous source identifying the accused as a participant in the criminal act is sufficient corroboration of the accomplice to support a verdict. (Cit.)' [Cit.]" *Thurston v. State*, 186 Ga. App. 881-882 (1) (368 SE2d 822) (1988). We find the testimony of Jackson, the accomplice, was sufficiently corroborated by independent evidence and the evidence was sufficient to justify a rational trier of fact to find appellants guilty beyond a reasonable doubt, in accordance with the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

4. Appellant Brennon enumerates as error the trial court's denial of his motion to suppress. However, the transcript reveals that the only motion to suppress was made on behalf of Jackson regarding the contraband found in her automobile. Since the evidence showed that Brennon was not an occupant of that vehicle, he lacks standing to contest the legality of the search and seizure of the vehicle. *Prothro v. State*, 186 Ga. App. 836, 837 (3) (368 SE2d 793) (1988).

5. Appellant Brennon contends the trial court erred by failing to allow his counsel to recall a State witness, Officer Dennis Krauss, for further cross-examination, citing *Martin v. State*, 151 Ga. App. 9, 15-17 (8) (258 SE2d 711) (1979). The record reveals that Brennon's counsel sought permission from the trial court to reserve the right to recall Krauss for cross-examination for the purpose of impeaching the validity of the affidavit he executed to obtain the search warrant for appellant Glenn's motel room, specifically regarding the officer's testimony about what Jackson told him, information which the officer thereafter used as the basis of the affidavit.

Pretermitting the question whether the trial court's refusal to allow appellant Brennon's counsel to recall the witness for cross-examination was erroneous, the testimony by Krauss regarding the basis for the search warrant did not affect Brennon, who was not present or otherwise interested in the search of Glenn's motel room and thus had no standing to object to the validity of the affidavit. See generally *Mecale v. State*, 186 Ga. App. 276, 277-278 (367 SE2d 52) (1988); see also *Lewis v. State*, 188 Ga. App. 205, 206 (3) (372 SE2d 482) (1988). We therefore need not address the State's arguments that Brennon's failure to move for a continuance to obtain the affidavit or the prior availability of the affidavit to appellant's counsel distinguish the case sub judice from the situation in *Martin*, supra.

6. Appellant Brennon finally asserts error in the trial court's refusal to give the jury his request to charge no. 5 b, embodying the

principle of "equal theories" of guilt and innocence where circumstantial evidence is the sole evidence adduced. The charge requested by appellant is virtually identical to that requested in *Dunn v. State*, 251 Ga. 731, 734 (6) (309 SE2d 370) (1983), in which the Supreme Court noted that the requested charge is not appropriate in cases where there is direct evidence. Id. at 735. In the case sub judice, there was sufficient direct evidence in the form of Jackson's testimony (corroborated by circumstantial evidence, see Division 3, supra) from which the jury could find Brennon conspired to traffic in cocaine. Thus, the trial court did not err by refusing to charge the jury as requested by appellant Brennon. Id.

*Judgments affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED MAY 17, 1989 —
REHEARINGS DENIED MAY 31, 1989 —

*Richard D. Phillips*, for appellant (case no. A89A0214).

*Lloyd D. Murray, Laura A. Marcantonio*, for appellant (case no. A89A0215).

*W. Glenn Thomas, Jr.*, District Attorney, *Richard H. Taylor, John B. Johnson III*, Assistant District Attorneys, for appellee.