## A90A1780. McGOWAN v. THE STATE.
### (402 SE2d 328)

COOPER, Judge.

In a four-count indictment appellant was charged with the offenses of child molestation (Count I), cruelty to children (Counts II and III) and aggravated assault with intent to rape (Count IV). He was convicted by a jury on all counts and appeals from the denial of his motion for new trial.

All of the alleged incidents occurred while appellant was pastor of a church attended by each of the three victims. Counts I and II of the indictment involve the same victim, who testified that when she was 12 she was a passenger in a van operated by appellant to provide transportation to the elderly members of his congregation. After appellant took all of the elderly persons home, appellant asked her to sit in his lap while he drove her home. When the victim complied, appellant rubbed her inner thigh, asked her what color panties she had on, and then touched her vagina. The second victim testified that when she was 17, appellant asked her to accompany him while another woman drove him to his house to get his truck. When they arrived at appellant's house, appellant asked the victim to come inside with him to get a coffeepot. As soon as she was inside and the woman who drove them there had pulled out of the driveway, appellant grabbed her and tried to kiss her, stopping only when appellant's father-in-law appeared. As the victim drove appellant's truck back to the church, appellant started rubbing her thigh and telling her she was pretty. The third victim, an adult at the time of the incident, testified that appellant appeared at her door one day when she was getting ready to take her four-year-old son swimming. Appellant asked her if there

was anyone who could watch her son because he wanted to talk to her. When she told him no, he said to her: "I have made love to you a thousand times in my dreams, and its about time I did something about it." Appellant then came toward her, put his hand between her legs, grabbed her vaginal area and tried to penetrate his fingers through her bathing suit. He grabbed her arms and pinned her against a table saying that he was not finished yet. He held her against the table so hard that she had fingermarks on her arms for almost a week. The victim threatened to call the police and appellant left warning her that he would be back.

1. In his first enumeration of error, appellant contends that the trial court erred in not conducting an evidentiary hearing to determine the admissibility of the State's similar transaction evidence. Pursuant to Rule 31.3 of the Uniform Rules of Superior Court, the district attorney served upon defense counsel a notice of intent to introduce evidence of similar transactions. Prior to trial and over defense counsel's objection, the trial judge allowed the district attorney to state in his place the nature of the testimony to be given by the victims of the similar transactions. "Uniform Superior Court Rule 31.3 'clearly grants the trial court the discretion as to the reception of evidence. There is no *per se* right to an evidentiary hearing, only to a hearing, nor any mandatory obligation to produce testimonial evidence.' [Cit.] The statement in place as to what was expected to be shown revealed facts so as to constitute sufficient similarity, especially as regards sexual crimes, between the prior acts and the offense[s] on trial to permit the admission of such evidence. [Cit.]" *Meier v. State*, 190 Ga. App. 625 (3) (379 SE2d 588) (1989). Appellant's argument that the actual testimony differed from the district attorney's statement is also without merit. "Any eventual disparity between the stated expected evidence and the actual testimony has not been shown to have been known or anticipated by the State at the time of the hearing in the matter. In any event, we do not find such dramatic disparity as claimed by appellant so as to render the acts inadmissible for the stated purposes." *Meier v. State*, supra.

2. In his second, third, fourth, and fifth enumerations of error, appellant contends that the trial court erred in admitting the State's similar transaction evidence, which consisted of the testimony of four women. Each woman testified about a separate incident involving appellant while he was pastor of the church they were attending. All of the incidents occurred while the women were teenagers and each began with appellant initiating some form of physical contact with them, specifically rubbing their legs and thighs. Three of the "rubbing" incidents occurred while the women were riding in a motor vehicle with appellant. One of the women also testified that appellant asked her to accompany him to his house so that he could change his

shirt and assured her that his wife would be there. The woman reluctantly went with appellant and while she was in the house, appellant pulled her into his bedroom, pushed her down on the bed and tried to get on top of her. " '(T)here is no requirement that a previous offense be absolutely identical to the one being prosecuted so as to make it admissible[.]' [Cit.] 'Evidence of other similar crimes by a defendant is admissible if there is "sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter. (Cits.)" (Cit.) Such evidence may be admitted to show state of mind or intent of a defendant. (Cit.) "In crimes involving sexual offenses, evidence of similar previous transactions is admissible 'to show the lustful disposition of the defendant and to corroborate the testimony of the victim as to the act charged.' (Cits.)" (Cit.)' [Cit.]" *Meier v. State*, supra at 626. We conclude that the prior acts were sufficiently similar to be admissible.

3. Appellant enumerates as error the trial court's denial of his motion for a mistrial. Prior to trial the judge ruled that any custodial statement made by appellant after he requested an attorney could be used only for impeachment purposes. Appellant's counsel moved for a mistrial after the trial judge ruled that the district attorney was using the statement for purposes other than impeachment. The trial judge, finding that there had been no harm to appellant, overruled the motion for mistrial and gave curative instructions to the jury, after which appellant's counsel did not renew his motion for a mistrial. " 'If a motion for a mistrial is overruled but corrective instructions are given by the court and thereafter counsel fails to request further instructions or renews his motion for a mistrial, the overruling of the motion is not regarded as error. [Cits.]' " *Harris v. State*, 190 Ga. App. 343 (2c) (378 SE2d 912) (1989). Therefore, appellant's sixth enumeration of error has not been preserved for appellate review.

4. In his final enumeration of error, appellant contends that the trial court erred in refusing to charge the jury on simple battery, a lesser included offense of aggravated assault. Appellant maintained at trial, contrary to the testimony of the third victim, that he never went to her home and that he did not assault her. The testimony of the third victim was sufficient to authorize a rational trier of fact to find appellant guilty of aggravated assault with intent to rape, and "[s]ince [appellant] maintained at trial that he was not present and was in no way involved in the transaction, he was not entitled also to defend on the theory that he was present but participated in a less serious offense. [Cits.]" *Mason v. State*, 175 Ga. App. 497 (2) (333 SE2d 694) (1985).

*Judgment affirmed. Banke, P. J., and Birdsong, P. J., concur.*

DECIDED FEBRUARY 13, 1991.

*Jimmy D. Berry, Mitchell D. Durham,* for appellant.
*Thomas J. Charron, District Attorney, Debra H. Bernes, Bruce D. Hornbuckle, Nancy I. Jordan, Assistant District Attorneys,* for appellee.