[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 923 
Fred Glenn Wilson, Jr., was convicted of the murder of his wife and was sentenced to life imprisonment. He raises three issues in this appeal from that conviction.
 I
Wilson testified in his own defense, portraying his wife as a habitual drunkard who frequently threatened and abused him and asserting that he shot his wife in self-defense. On cross-examination, he denied ever beating the victim. In rebuttal, the State called Shirley Swanson, the victim's sister, who testified that, on three different occasions, she had observed the appellant beat the victim with his fists. Two other rebuttal witnesses, James Warren and Jewel Pickett, stated that they had seen the victim, during the course of her marriage to the appellant, in a bruised and battered condition. These witnesses also testified that it was not unusual for the victim to leave the residence she occupied with the appellant and stay with one of her sisters for a while.
Rebuttal witness Pickett, a sister of the victim, further testified that the victim stayed with her for two to three weeks in October 1988, which was approximately four months prior to the shooting. At this time, Pickett observed that the victim was bruised in several places. She identified photographs depicting the victim with two black eyes, a large bruise on her right arm, bruises on both wrists, and bruises on her hips and buttocks as having been taken when the victim was staying with her. These photographs were then admitted into evidence over appellant's objection.
The testimony of rebuttal witnesses Swanson, Pickett, and Warren was admitted without objection. The appellant complains here, as he did at trial, that the photographs were irrelevant and inadmissible because there was no showing that he caused the bruises and damages to the victim depicted in the photographs.
The appellant was indicted for intentional murder, as defined in Ala. Code 1975, § 13A-6-2(a)(1). He asserted that the killing was done in self-defense. Intent was thus a contested and critical issue in this case. Cf. White v. State,527 So.2d 1349, 1350 (Ala.Cr.App. 1988) (defendant charged with assault "admitt[ed] that he hit the victim, but [denied] that he intended to seriously injure her . . . [thereby] plac[ing] the element of intent in issue"). In a prosecution for uxoricide, evidence of acts of cruelty and abuse by the accused toward the victim prior to the killing are admissible "on the questions of malice and intent." Akers v. State, 399 So.2d 929, 931
(Ala.Cr.App. 1981). Under this rule, the testimony of Swanson, who actually observed the appellant physically mistreating the victim, was clearly relevant and admissible on the issue of intent.
In this state, evidence is relevant "if there is any logical relationship between it and the ultimate inference . . . for which it is offered." C. Gamble, McElroy's AlabamaEvidence § 21.01(1) (3d ed. 1977). The testimony of Warren and Pickett that they had seen the victim in a bruised and battered condition and that the victim periodically had to leave the house she shared with the appellant, while circumstantial in nature, was also admissible because it gives rise to the inference that the appellant had beaten the victim prior to the killing. Consequently, this testimony was also relevant to the issue of intent. "Photographs are admissible if they tend to prove or disprove some disputed or material issue, to illustrate or elucidate some other relevant fact or evidence, or to corroborate or disprove some other evidence offered or to be offered." Ex parte Bankhead, 585 So.2d 112
(Ala. 1991). "A photograph 'is competent evidence of anything of which it is competent and relevant for a witness to give a verbal description.' " Harrell v. State, 470 So.2d 1303, 1306
(Ala.Cr.App. 1984), affirmed, 470 So.2d 1309 (Ala.), cert. denied, 474 U.S. 935, 106 S.Ct. 269, 88 L.Ed.2d 276 (1985). Having determined *Page 924 
that the testimony of the rebuttal witness Pickett concerning the prior bruised and battered condition of the victim was relevant to the issue of intent and was admissible for that reason, we conclude that the photographs in question were admissible to illustrate and corroborate her testimony on this matter. This testimony and the photographs were also relevant and admissible to rebut the appellant's claim of self-defense. Cf. Wood v. State, 255 Ga. 697, 698,341 S.E.2d 442, 444 (1986) ("Since appellant's theory of [the victim's] death was that she was a drug addict who committed suicide, her graduation photograph [which the appellant asserted made the victim look too 'clean cut'] was relevant to rebut this image").
 II
At the beginning of the appellant's trial, the trial court stated, "If there are any witnesses in the courtroom, they need to go outside. The rule of exclusion is invoked." The next day, prosecution rebuttal witness Shirley Swanson was permitted to testify, over the appellant's objection, that she had violated this witness sequestration order.
Contrary to the appellant's assertion in brief, it does not appear from the record that Swanson had been present in the courtroom "throughout the trial." Just before Swanson testified, the prosecutor stated:
 "Your Honor, Ms. Swanson was in court yesterday at the close of the proceedings yesterday. I had a discussion with her at that point and determined that I would like to call her as a witness. But I need to advise you that she was in court yesterday, and I would offer her testimony relative to some fighting that was going on between these two that there have been some questions on cross with the defendant about and a denial by him as to whether or not he ever had to be pulled off of [the victim]."
(Emphasis added.)
This is the only information appearing in the record concerning Swanson's presence in court during the course of the trial. It appears to this Court that Swanson was actually in the courtroom only on the first day of trial or perhaps only during a portion of that day.
The record discloses that the State's witnesses on the first day of trial consisted of a pathologist, law enforcement officers, and several of the victim's relatives. The only defense witness to testify that day was the appellant. Trial was recessed for the night immediately after defense counsel's direct examination of the appellant. The prosecutor did not conduct his cross-examination of the appellant until the next morning (the same day Swanson testified). There is absolutely nothing in the record to indicate that Swanson was present in the courtroom during the cross-examination of the appellant or that she heard the testimony of the appellant which she was called to rebut. (See Part I above.)
"[I]t is well settled in this state that the question of whether a witness who has violated a sequestration order may thereafter testify is a matter which lies within the sound discretion of the trial judge." Ex parte Faircloth,471 So.2d 493, 496 (Ala. 1985). Accord Montgomery v. State, 446 So.2d 697,702 (Ala.Cr.App. 1983), cert. denied, 469 U.S. 916,105 S.Ct. 291, 83 L.Ed.2d 227 (1984); McElroy's § 286.01 at 617. It does not appear that Swanson willfully violated the sequestration order. Further, even if Swanson was present during the entire first day of the trial, she was a sister of the victim and it is reasonable to expect that she would have been aware of the substance of the other relative's testimony prior to trial. SeeMcGilberry v. State, 516 So.2d 907, 913 (Ala.Cr.App. 1987);Cowgill v. State, 426 So.2d 517, 521 (Ala.Cr.App. 1982). The appellant has failed to demonstrate how he was prejudiced by this violation of the sequestration order and has failed to show that the trial court abused its discretion in allowing this witness to testify. See Partridge v. State,431 So.2d 1377, 1379 (Ala.Cr.App. 1983).
 III
The issue of whether the trial court erred in refusing to give the appellant's *Page 925 
written requested charge on heat of passion manslaughter, as defined in Ala. Code 1975, § 13A-6-3(a)(2), was not preserved for our review.
At the conclusion of the trial court's oral charge, defense counsel stated, "I would except to Your Honor's failure to give defendant's requested jury instruction 1, 2, 3, 4, 5, 7, 8, 9, 10, 11, 12 and 13." Requested charge number 13 concerned heat of passion manslaughter. Defense counsel made no further statements with regard to the oral instructions. It is clear that "[d]efense counsel's 'exception' was not a proper objection and preserved nothing for review."Marshall v. State, 570 So.2d 832, 835 (Ala.Cr.App. 1990). Merely stating "I except" does "not satisfy the requirement of Rule 14, A.R.Cr.P.Temp., that a party 'state with particularity the grounds of the objection.' " Johnson v. State, 552 So.2d 883,886 (Ala.Cr.App. 1989).
For the reasons stated above, the judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.