A91A0925. KING v. THE STATE.
(406 SE2d 573)

McMURRAY, Presiding Judge.
In the early morning hours on May 5, 1990, Atlanta police officers were flagged down by a concerned citizen who wished to remain anonymous. The citizen informed the officers that a black male was carrying drugs under a black hat. The male's name was given as Cecil King and he was said to be wearing a red sweat suit. The officers approached a young man who fit the description given by the citizen. The young man threw his hat to the ground. The officers retrieved the hat and discovered cocaine hidden in it. Defendant was arrested and charged with possession of cocaine with intent to distribute.

After a jury trial, defendant was convicted of violating the Geor-

gia Controlled Substances Act (possession of cocaine with intent to distribute). This appeal followed the denial of defendant's motion for a new trial. *Held*:

1. In his first enumeration of error, defendant contends the trial court erred in denying his request to make a record when he challenged a venireperson for cause. This contention is without merit. The circumstances surrounding defendant's challenge are apparent inasmuch as colloquy concerning the challenge was recorded. Inasmuch as we are able to discern what transpired below, it cannot be said that the trial court erred in failing to order the recordation of voir dire. Besides, a review of the record reveals no legal ground to excuse the venireperson for cause. She indicated that she could be fair and objective and would base her decision on the evidence and the court's instructions. Thus, defendant cannot demonstrate that he was harmed by the trial court's refusal to order the recordation of voir dire. See *Meier v. State*, 190 Ga. App. 625 (1) (379 SE2d 588).

2. The trial court did not err in refusing to permit defense counsel to cross-examine one of the police officers concerning procedures for obtaining a search warrant. No search warrant was obtained in this case and defense counsel conceded that a search warrant was not required. Thus, procedures for obtaining a search warrant were irrelevant and it cannot be said the trial court abused its discretion in curtailing defense counsel's cross-examination concerning such procedures. *Hudson v. State*, 137 Ga. App. 439 (1) (224 SE2d 48).

*Judgment affirmed. Sognier, C. J., and Andrews, J., concur.*

DECIDED JUNE 19, 1991.

*G. Scott Sampson*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, William C. Akins, Assistant District Attorneys*, for appellee.