A92A0720. HENDERSON v. THE STATE.
(420 SE2d 813)

COOPER, Judge.

Appellant was convicted by a jury of aggravated assault with intent to rape (OCGA § 16-5-21 (a) (1)).

1. In two enumerations of error, appellant raises the general

grounds, challenging the sufficiency of the evidence against him. The evidence at trial showed that the victim, a school teacher, was approached by a man in the school parking lot as she was getting into her car on the afternoon of June 3, 1991. After passing by, the man turned, ran towards the victim in the open car door, jumped on top of her and threw her across the car seat. He began repeatedly hitting her in the head and attempted to pull one of her legs, which remained outside the car, inside the car. The victim was able to press the car horn, which brought others, including the school principal, out from the school; and when the attacker saw them he fled.

The victim was able to produce a composite drawing of her assailant, which closely approximated the photograph of appellant that she, at a later date, picked out of a six photograph line-up. At appellant's preliminary hearing the victim identified appellant as her assailant from among several black males garbed in jail jumpsuits; and she again identified appellant as her assailant at trial. She testified she had absolutely no doubt that appellant was the man who attacked her, and that she particularly remembered his eyes. The school principal, who had known appellant slightly prior to the day of this assault, has seen the assailant running away from the victim's car and also positively identified appellant as the assailant.

The State presented evidence of three similar incidents in which appellant pled guilty to aggravated assault with intent to rape in similar circumstances in the past ten years. Diane Koellman, the victim in the first of these three similar incidents and an employee of the Clayton County Library System at the time, testified that on the afternoon of August 23, 1982, she was delivering and picking up books at the Main Library, which is located adjacent to an elementary school and across the street from a middle school. While she was loading books in her van, appellant approached and asked her for a ride. She was not alarmed because she recognized him as a frequent visitor to the library, but told him she could not give him a ride. As she was putting the last bin of books in the van, he shoved her into the van with him, pulled the door closed and proceeded to wrestle with her, trying to pull her dress up and making comments of a sexual nature. Koellman continued to fight and managed to get an unlatched door open. The struggle continued outside the van until some people in the library looked out the back window, saw what was happening, and came out. Appellant then ran off and jumped on his bicycle. Koellman identified appellant as her attacker when he was arrested for attacking her, and again identified him as her attacker at the trial in this case. The officer who investigated the Koellman assault testified that after appellant was arrested he denied that he had tried to rape Koellman. A certified copy of appellant's guilty plea for aggravated assault with intent to rape Koellman was then admitted.

The second similar incident involved an attack on Judy Hutchens, a kindergarten teacher, as she was getting out of her car in the school parking lot on October 16, 1984. Hutchens testified that she was bending into the passenger side of her car when an attacker grabbed her from behind, threw her to the ground, and pulled up her skirt. Hutchens fought back, scratching her attacker's face. The attacker then quickly left on foot, but turned back to look at her. Hutchens identified appellant as her attacker at a preliminary hearing in her own case, and also identified him as her attacker at the trial in this case. She testified that she particularly remembered his eyes. The investigator on the Hutchens case testified that appellant was apprehended quickly after the Hutchens attack, and that appellant had initially denied the attack but then said he intended to rob her. A certified copy of appellant's plea of guilty to aggravated assault with intent to rape Hutchens was then admitted.

The final similar incident involved an assault on Shirley Alley, a teacher in a correctional institution, on March 4, 1987. Alley testified that she was alone in her classroom when an inmate came in, tried to put a jacket over her head, and pushed her up against a bookcase. When she screamed and flung her arms around, he fled. He was caught by another inmate. Alley identified appellant as her assailant at the time he was caught, and again identified him as her assailant at the trial in this case. A certified copy of appellant's guilty plea to assault with intent to rape Ms. Alley was then admitted.

Viewing the evidence in a light most favorable to the verdict, we find that the evidence was sufficient for a rational trier of fact to find appellant guilty of aggravated assault with intent to rape beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In two enumerations of error, appellant contends that the trial court erred in admitting the similar acts evidence. He argues first that the evidence was more prejudicial than probative, and second that it improperly placed his character in issue in violation of OCGA §§ 24-2-2 and 24-9-20 (b). Because these arguments both go to the relevance of the similar acts evidence and the former contention is generally treated as a corollary of the latter, see *Williams v. State,* 261 Ga. 640 (2a) (409 SE2d 649) (1991), we will address them together.

Evidence regarding the character of a defendant is generally inadmissible unless the defendant puts his character in issue. Id. As a corollary to this principle, evidence of independent offenses committed by a defendant is generally inadmissible due to its inherently prejudicial nature and minimal probative value. Id. These general principles do not apply, however, where the charged offense and the independent offenses are sufficiently similar that evidence of the independent offenses is highly probative of some element of the charged

offense. In such cases the probative value of the evidence outweighs the potential for prejudice, and any incidental reflection on the defendant's character does not render this otherwise relevant and admissible evidence irrelevant or inadmissible. *Felker v. State*, 252 Ga. 351 (1a) (314 SE2d 621) (1984). Thus, evidence of independent offenses may be admitted if the State introduces the evidence for a proper purpose, if there is sufficient evidence to establish that the defendant actually committed the independent offenses, and if there is sufficient similarity between the charged offense and the independent offenses. *Williams*, supra at 642.

We conclude that the trial court properly admitted the similar acts evidence. The evidence was highly probative of appellant's intent to rape, a necessary element of the charged offense. OCGA § 16-5-21 (a) (1). Furthermore, the evidence was sufficiently similar that proof of the independent offenses tended to prove the charged offense. All of the offenses involved attacks on lone women during daylight hours in or around schools or classrooms. In all but one of the incidents, the defendant was totally silent or said two or fewer words during the attack, and on each occasion the attacker fled when the victim fought back or made noise that attracted the attention of others. Under these circumstances, the trial court's determination that the offenses were sufficiently similar was not clearly erroneous. See *McGowan v. State*, 198 Ga. App. 575 (2) (402 SE2d 328) (1991). That the similar incidents occurred over a period of almost ten years prior to the charged offense does not compel a different conclusion. *Hill v. State*, 183 Ga. App. 404 (1) (359 SE2d 190) (1987).

Appellant's reliance on *Williams* is misplaced. In *Williams* the Georgia Supreme Court overturned a conviction due to improper admission of similar acts evidence, despite the presence of the factors described above, because the State, having demonstrated the similarities of the charged and independent offenses to the trial court outside the presence of the jury, simply presented the jury with a certified copy of the prior convictions (rather than presenting the jury with evidence demonstrating the similarities). See also *Little v. State*, 202 Ga. App. 7 (1) (413 SE2d 496) (1991). Here, however, the State introduced each of the three prior independent offenses through testimony of the victim demonstrating the similarities between the offenses, and for two of the three prior incidents the investigating officer testified as well.

3. Appellant also contends that a hearing to determine the admissibility of the similar acts evidence was not held in accordance with Uniform Superior Court Rule 31.3. The record shows, however, that such a hearing *was* held immediately prior to the beginning of the trial, outside the presence of the jury, at which time the prosecutor stated in her place the facts relevant to a determination of sufficient

similarity and the purpose for which the evidence of similar acts was offered. A trial court's finding of sufficient similarity based on the prosecutor's statement of the relevant facts she expects to show is proper. *McGowan,* supra at 576. Moreover, Rule 31.3 leaves the timing of the hearing to the trial court's discretion, and this court has held that a hearing held just prior to trial was satisfactory — at least where the defendant shows no injury resulting from not having the hearing sooner. See *Houston v. State,* 187 Ga. App. 335 (2) (370 SE2d 178) (1988).

4. The trial court admitted testimony regarding appellant's statement after his arrest that he had been at the school on the day of the assault, but had not attacked anyone. Appellant contends that the trial court erred in allowing this testimony without first holding a *Jackson-Denno* hearing on the voluntariness of the statement. In the trial court, however, appellant took the position that he never made the alleged statement. He did not challenge the voluntariness of the statement, did not request a *Jackson-Denno* hearing, and did not object to the testimony at trial. In the absence of a proper objection or some contemporaneous challenge to the voluntariness of a confession or other statement by a defendant, no *Jackson-Denno* hearing is required. *McNair v. State,* 190 Ga. App. 412 (2) (379 SE2d 424) (1989). Thus, this enumeration of error is also without merit.

5. In his last enumeration of error, appellant contends that his rights were violated by lack of legal representation at his preliminary hearing. Appellant raises this argument for the first time on appeal, however, thereby depriving the trial court of any opportunity to make a determination on the issue and this court of any trial court determination to review. See *Lewis v. State,* 188 Ga. App. 205 (2) (372 SE2d 482) (1988). In any case, lack of legal representation at a preliminary hearing will only provide the basis for reversal of a conviction if the defendant was materially prejudiced by the lack of representation. *Tarpkin v. State,* 236 Ga. 67 (1) (222 SE2d 364) (1976). Appellant here has alleged no harm resulting from his lack of representation at the preliminary hearing, and we are unable to determine from the record any way in which the lack of counsel at the preliminary hearing might have contributed to appellant's conviction. Thus, to the extent there was any error below with respect to appellant's lack of legal representation at his preliminary hearing, the error would be harmless beyond a reasonable doubt. Id.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED JULY 10, 1992.

*James J. Dalton II,* for appellant.

*Robert E. Keller, District Attorney, Tracy G. Gladden, Assistant District Attorney*, for appellee.