A10A1438. RICHARDSON v. THE STATE.
(700 SE2d 738)

POPE, Senior Appellate Judge.

Following a jury trial, Sean Richardson was convicted of trafficking in cocaine. Contending that the only evidence in support of his conviction came from the uncorroborated testimony of his co-defendant, Richardson argues that the trial court erred in denying his motion for directed verdict. We disagree and affirm.

The standard of review for the denial of a motion for directed verdict of acquittal is the same as that for reviewing the sufficiency of the evidence to support a conviction. Under that standard, we view the evidence in the light most favorable to the jury's verdict and determine whether any rational trier of fact could have found the essential elements

of the crime beyond a reasonable doubt. In doing so, we neither weigh the evidence nor judge the credibility of the witnesses. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the [S]tate's case, the jury's verdict will be upheld.

(Citation and punctuation omitted.) *Fyfe v. State*, 305 Ga. App. 322, 329 (4) (699 SE2d 546) (2010).

So construed, the evidence presented at trial showed that during the very early morning hours of May 30, 2007, a patrol sergeant with the Braselton Police Department stopped a vehicle driving down the interstate after observing that the vehicle had "very dark window tint" and an obscured out-of-state tag. The car was being driven by Antonio Hargis, and Richardson was riding as a passenger. Upon approaching the vehicle, the sergeant immediately smelled the odor of burnt marijuana. As Hargis was retrieving his license and registration, the sergeant observed that Richardson appeared to be very nervous and in "a lot of stress," his breathing was very shallow, and the carotid artery in his neck was "beating very rapidly." The sergeant thereafter asked both Hargis and Richardson to exit the vehicle and obtained Hargis's consent to search the vehicle. Hargis admitted at that time that the men had previously smoked marijuana.

During the subsequent search, the sergeant found what was later determined to be 574.14 grams of 61.1% pure cocaine packaged in two separate bags, one being significantly larger than the other, located under the hood. He also found a set of digital scales which, based upon his experience, he testified was of the type typically used to weigh narcotics, and at least 18 air fresheners hanging in various locations throughout the vehicle, including from the rearview mirror, the turn signal, the seatbelts, and random places inside the trunk. Both Hargis and Richardson were arrested and charged with trafficking in cocaine.

Hargis negotiated a plea agreement with the state pursuant to which he agreed to testify against Richardson. He told the jury that he and Richardson, who were childhood friends, had the "joint idea" of amassing as much money as possible to purchase a large amount of narcotics, which they would then sell and split the profits. Although the men lived in Maryland, they agreed to purchase the drugs from Hargis's contact in Georgia, where the price of narcotics was purportedly cheaper. In accordance with this plan, Hargis collected $10,000, and Richardson collected $3,500. They then drove to Georgia, purchased the two separate bundles of cocaine, and were en route back to Maryland when they were stopped by the sergeant.

The crime of trafficking in cocaine is committed by "[a]ny

person . . . who is knowingly in possession of 28 grams or more of cocaine or of any mixture with a purity of 10 percent or more of cocaine. . . ." OCGA § 16-13-31 (a) (1). The law recognizes that possession can be actual or constructive, sole or joint. See *Vines v. State*, 296 Ga. App. 543, 545 (1) (675 SE2d 260) (2009).

Richardson does not dispute that the substance found inside the hood of the vehicle was cocaine, nor does he challenge its weight or purity. Rather, he argues that the only evidence supporting a conclusion that he was *knowingly* in possession of the drugs was derived from the uncorroborated testimony of Hargis, his accomplice, and was therefore legally insufficient. See OCGA § 24-4-8; *Claybrooks v. State*, 189 Ga. App. 431, 432 (375 SE2d 880) (1988).

While we agree that a defendant may not be convicted solely upon the uncorroborated testimony of an accomplice, even "[s]light evidence from an extraneous source identifying the accused as a participant in the criminal act is sufficient corroboration of the accomplice to support a verdict." (Citation and punctuation omitted.) *Castell v. State*, 250 Ga. 776, 780 (1) (c) (301 SE2d 234) (1983). The corroborating evidence can be circumstantial so long as it tends to connect the accused to the crime, and a determination of its sufficiency is a matter for jury resolution. *Edmond v. State*, 267 Ga. 285, 287 (2) (476 SE2d 731) (1996).

Here, in addition to the presence of nearly 575 grams of cocaine in a vehicle in which Richardson was riding, the evidence showed that Richardson was extremely anxious while in the company of the police sergeant, despite the fact that he had not been the driver of the vehicle when it was stopped; the drugs were packaged in two separate bundles in a manner consistent with Hargis's recitation of events; and the vehicle, which was indeed registered in Maryland, was lined with an abnormal number of air fresheners, from which the jury could infer an intent to disguise the scent of narcotics from otherwise inquisitive law enforcement officers and/or canines. This independent evidence was sufficient to corroborate the testimony given by Hargis, and the cumulative evidence was sufficient for a rational trier of fact to find Richardson guilty of trafficking in cocaine. See generally *Sharpe v. State*, 213 Ga. App. 280, 282 (1) (444 SE2d 600) (1994); *Bennett v. State*, 202 Ga. App. 699, 699-700 (415 SE2d 310) (1992); *Brennon v. State*, 191 Ga. App. 720, 721-722 (3) (382 SE2d 682) (1989). Compare *Mitchell v. State*, 268 Ga. 592, 592-593 (492 SE2d 204) (1997); *Claybrooks*, 189 Ga. App. at 431-432. It follows that Richardson's argument that the sole evidence against him was his presence at the scene of the crime lacks merit, and the jury was authorized to reject the theory that he was merely an innocent passenger caught unawares in Hargis's drug scheme. See generally *Hester v. State*, 287 Ga. App. 434, 436-437 (1) (651 SE2d

538) (2007); *Jordan v. State*, 281 Ga. App. 419, 422-423 (1) (636 SE2d 151) (2006).

*Judgment affirmed. Barnes, P. J., and Senior Appellate Judge G. Alan Blackburn concur.*

DECIDED SEPTEMBER 8, 2010.

*Donna A. Seagraves, Mary Erickson*, for appellant.
*James B. Smith, District Attorney, Ryan C. Bramblett, Assistant District Attorney*, for appellee.