**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY , JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**May 6, 2014**

# In the Court of Appeals of Georgia

A14A0061. TANKSLEY v. THE STATE.

MCFADDEN, Judge.

After a bench trial, the trial court found Milton Tanksley guilty of possession of cocaine. OCGA § 16-13-30 (a). On appeal, Tanksley challenges the sufficiency of the evidence and the effectiveness of his trial counsel. Because the evidence was sufficient and Tanksley has not shown that his trial counsel was deficient, we affirm.

1. *Sufficiency of evidence.*

When a defendant challenges the sufficiency of the evidence supporting his criminal conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979) (citation omitted;

emphasis in original). So viewed, the evidence showed that shortly after midnight on August 7, 2011, Tanksley was a passenger in a vehicle that the police stopped for a tag violation. During the stop, he consented to be searched for weapons. The officer who performed the search noticed on the ground at Tanksley's feet a pill bottle that had not been there when Tanksley first got out of the vehicle. Tanksley tried to conceal the pill bottle with his feet. The pill bottle contained crack cocaine. Similar transaction evidence showed that, in 2006, Tanksley was found asleep in the driver's seat of a stopped vehicle, and in the course of investigating that vehicle officers found a pill bottle containing crack cocaine in his pocket.

Tanksley argues that this evidence was insufficient to show that he possessed the cocaine. "The law recognizes that possession can be actual or constructive[.]" *Richardson v. State*, 305 Ga. App. 850, 852 (700 SE2d 738) (2010) (citation omitted). "A person who knowingly has direct physical control over a thing at a given time is in actual possession of it. A person who, though not in actual possession, knowingly has both the power and intention at a given time to exercise dominion or control over a thing is then in constructive possession of it." *Vines v. State*, 296 Ga. App. 543, 545 (1) (675 SE2d 260) (2009) (citations omitted).

Tanksley argues that the only evidence of his possession of the crack cocaine in the pill bottle was his spatial proximity to it. See *Davenport v. State*, 308 Ga. App. 140, 145 (1) (b) (706 SE2d 757) (2011) ("A finding of constructive possession . . . must be based on a connection between the defendant and the object that is more than spatial proximity.") (citations omitted). But other evidence also linked Tanksley with the cocaine, namely that the pill bottle containing the cocaine was not on the ground when Tanksley got out of the car, that Tanksley attempted to hide the bottle with his feet during the search, and that in the similar transaction Tanksley had carried on his person a pill bottle containing crack cocaine. This evidence authorized the trier of fact to find that Tanksley had the power and intention to exercise control over the cocaine necessary for constructive possession. See *Mallard v. State*, 321 Ga. App. 650, 652 (742 SE2d 164) (2013) (evidence supporting finding that defendant had constructive possession of canister containing methamphetamine that was found near her foot included defendant's attempt to conceal canister and canister's appearance of having been on the ground only a short time). See also *Washington v. State*, 251 Ga. App. 206, 209 (1) (553 SE2d 855) (2001) (whether the state has met its burden of showing that circumstantial evidence excludes every other reasonable hypothesis is a question

3

for the finder of fact that will not be disturbed on appeal unless verdict is unsupportable as matter of law).

2. *Effectiveness of trial counsel.*

Tanksley argues that he received ineffective assistance of trial counsel because counsel did not make specific objections to the similar transaction evidence. To prevail on this claim, he was required to show both deficient performance by trial counsel and actual prejudice. *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984).

Tanksley has not shown that his trial counsel performed deficiently. When the state sought to introduce the similar transaction evidence, trial counsel responded: "I understand what [the state] has proffered to the [c]ourt, and law is law as far as the similarity in the case before the [c]ourt and the one back in 2006. We just would object on general grounds." The trial court then admitted the evidence to show motive, intent, and bent of mind. See former OCGA § 24-2-2.[1] See generally *Peoples v. State*, __ Ga. __, __ (4) (b) (__ SE2d __) (Case No. S13A1893, decided Apr. 10, 2014) (similar transaction evidence could be offered to prove such things as motive,

---

[1] Georgia's former Evidence Code was in effect at the time of Tanksley's trial. Under the new Evidence Code, OCGA § 24-4-404 (b) governs the admission of similar transaction evidence.

4

intent, and bent of mind, among other things, under former Evidence Code). At the motion for new trial hearing, trial counsel testified that she did not more specifically object to the similar transaction evidence because she thought the evidence was admissible, and that she had discussed that issue with Tanksley before trial.

We agree with trial counsel's assessment of the admissibility of the similar transaction evidence under the law then in effect. "In the consideration of the admissibility of similar transaction evidence, the focus is properly on the similarities, and not the differences, between the act in question and the incident on trial." *Hunt v. State*, 288 Ga. 794, 797 (3) (708 SE2d 357) (2011). There are obvious similarities between this case – where Tanksley was accused of possessing crack cocaine in a pill bottle – and the prior incident – where Tanksley was found in possession of crack cocaine in a pill bottle. Trial counsel's failure to raise a meritless objection was not deficient performance. See *Wesley v. State*, 286 Ga. 355, 356 (3) (a) (689 SE2d 280) (2010).

*Judgment affirmed. Andrews, P. J., and Ray, J., concur.*

5