A93A1330. McDONALD v. THE STATE.
(436 SE2d 811)

POPE, Chief Judge.

Following denial of his motion for new trial, defendant Kenneth McDonald appeals his conviction for involuntary manslaughter, possession of a firearm during the commission of a crime, and hindering the apprehension and punishment of a criminal.

Construing the evidence in the light most favorable to support the verdict, the defendant and the victim had a dispute concerning the victim talking to defendant's girl friend. On October 31, 1991, defendant confronted the victim while he waited for his girl friend to

return to his car. There was an altercation between the two but it ended without violence. The next evening defendant and some friends were driving and saw the victim's car parked outside a house. They parked a short distance away and defendant instructed one of his companions to remove a gun from the glove compartment of the car. They then walked down the street, allegedly for the purpose of shooting the tires of the victim's car. As they walked down the street they saw the victim walking with the aunt of his girl friend. Defendant approached the victim and hit him. The two men then began scuffling. Shortly thereafter, defendant's two companions became involved in the scuffling. One of those companions was holding the gun, which discharged during the scuffle. The victim was killed by a bullet wound to the head. Defendant was tried with his two companions. Only defendant was convicted.

1. There was sufficient evidence from which a rational trier of fact could find the defendant guilty of the crimes of which he was convicted beyond a reasonable doubt.

2. Defendant next argues the trial court committed reversible error by admitting over his objections the statements of his co-defendants in which the names of the other companions that evening were omitted and blanks were inserted.

"Every defendant has the right under the Sixth Amendment 'to be confronted with the witnesses against him.' *Bruton* [*v. United States*, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968)] holds that the right of confrontation is violated when several co-defendants are all tried jointly, one defendant's confession is used to implicate another defendant in the crime, and the confessor does not take the stand. The result is that the co-defendant cannot be cross examined by the non-confessing defendant. In this situation the Supreme Court has held that the co-defendants should be tried separately so that the demands of the confrontation clause can be met. [Cits.] Further, the Supreme Court has held that if a confession *directly* implicates a co-defendant, the confession is so highly prejudicial that a curative instruction is not sufficient to obviate application of the *Bruton* rule. [Cit.]" *United States v. Espinoza-Seanez*, 862 F2d 526, 533-534 (5th Cir. 1988).

We initially note that defendant's argument with regard to the statement given by co-defendant Woods is without merit since he took the stand to testify and could be cross-examined by defendant. With regard to the statement given by co-defendant Stephens, who exercised his right not to testify, we hold that simply removing the name of the co-defendants and inserting in lieu thereof a "blank" was not sufficient to avoid a *Bruton* violation. Each statement by the co-defendants in this case had blanks left for two persons. Defendant argues, and we agree, that since each defendant had two other co-

defendants, the jury would readily fill in the blanks with the names of the co-defendants. See *United States v. Danzey*, 594 F2d 905 (2d Cir. 1979), cert. denied sub nom. *Gore v. United States*, 441 U. S. 951 (99 SC 2179, 60 LE2d 1056) (1979) (finding a *Bruton* violation by the use of "blanks" in a statement); *Hodges v. Rose*, 570 F2d 643 (6th Cir. 1978), cert. denied sub nom. *Lewis v. Rose*, 436 U. S. 909 (98 SC 2243, 56 LE2d 408) (1978) (holding use of a "blank" made it clear the person redacted was the co-defendant); cf. *Richardson v. Marsh*, 481 U. S. 200 (107 SC 1702, 95 LE2d 176) (1987) (holding the confrontation clause of the Sixth Amendment is not violated by the admission of a non-testifying co-defendant's confession with a proper limiting instruction when the confession is redacted to eliminate not only the defendant's name but any reference to the defendant's existence).

However, our holding that the procedure followed by the trial court regarding Stephens' statement violated *Bruton* does not end our inquiry in this case, since we will not reverse unless error is shown to be harmful. In this case, there was overwhelming evidence of defendant's guilt. There were several witnesses to the confrontation between the victim and defendant. Each statement of the co-defendants was essentially the same. Co-defendant Stephens' testimony did not implicate defendant's guilt in this case more than the statement given by defendant, the statement given by co-defendant Woods, or the testimony of the woman who was walking with the victim at the time he was attacked by defendant. Accordingly, we hold the admission of Stephens' statement was harmless error under the facts of this case. *Guimond v. State*, 259 Ga. 752, 755 (3) (386 SE2d 158) (1989).

3. Defendant contends the trial court erred in admitting certain similar transaction evidence. The evidence about which defendant complains was not admitted as similar transaction evidence. This enumeration is without merit.

4. Defendant filed an enumeration of error contending the trial court erred in failing to grant his motion for directed verdict on the issue of intent. This enumeration is not supported by argument or citation of authority and is deemed abandoned. Court of Appeals Rule 15 (c).

5. Defendant argues that the trial court's use of the following language during the jury charge constitutes reversible error: "No person shall be convicted of any crime unless and until each element of the crime is proven beyond a reasonable doubt and *to a moral and reasonable certainty*." (Emphasis supplied.) Our Supreme Court disapproved of that language in *Vance v. State*, 262 Ga. 236 (2) (416 SE2d 516) (1992), but held that because the trial court's charge repeatedly and accurately conveyed to the jury the concept of reasonable doubt and because there was overwhelming evidence of defendant's guilt, the use of that language was harmless error. The charge in this case

and the charge in *Vance* are essentially the same. Furthermore, there is overwhelming evidence of defendant's guilt in this case as well. Accordingly, we are constrained to follow our Supreme Court's decision in *Vance*.

We note, however, that recent decisions from the United States Supreme Court indicate that the holding of our Supreme Court in *Vance* may be ripe for reconsideration by that Court. In *Cage v. Louisiana*, 498 U. S. 39 (111 SC 328, 112 LE2d 339) (1990) (per curiam),[1] the Supreme Court held that an instruction on reasonable doubt, which included "moral certainty" language[2] could have been interpreted by a reasonable juror as allowing "a finding of guilt based on a degree of proof below that required by the Due Process Clause." 498 U. S. at 41. Then, in *Sullivan v. Louisiana*, 508 U. S. ___ (113 SC 2078, 124 LE2d 182) (1993), the Supreme Court had occasion to decide whether use of the charge it had declared unconstitutional in *Cage* could constitute harmless error. The Court held that harmless error analysis was not applicable to an "instructional error [which] consists of a misdescription of the burden of proof." 124 LE2d at 190. Although the charge condemned in *Cage* and *Sullivan* is somewhat different than the charge in this case and in *Vance*, the Supreme Court of North Carolina held in *State v. Bryant*, 432 SE2d 291 (N.C. 1993) that "the crucial term . . . condemned by the United States Supreme Court in *Cage* is 'moral certainty.' " Id. at 297. Use of that term "increases the possibility that a jury may convict a person because the jury believes he is morally guilty without regard to the sufficiency of the evidence presented at trial. . . ." Id. We also note that the United States Supreme Court recently accepted certiorari in *State v. Victor*, 494 NW2d 565 (Neb. 1993) and *People v. Sandoval*, 841 P2d 862 (Cal. 1992). *Victor v. Nebraska*, ___ U. S. ___ (62 USLW 3241) (October 1, 1993) and *Sandoval v. California*, ___ U. S. ___ (62 USLW 3241) (October 1, 1993). In each of those cases the courts upheld the use of charges on reasonable doubt containing "moral certainty" language against challenges that the charges were

---

[1] There is no indication in *Vance* that our Supreme Court considered the United States Supreme Court's decision in *Cage* at the time it issued that opinion.

[2] The charge considered in *Cage* follows: " 'If you entertain a reasonable doubt as to any fact or element necessary to constitute the defendant's guilt, it is your duty to give him the benefit of that doubt and return a verdict of not guilty. Even where the evidence demonstrates a probability of guilt, if it does not establish such guilt beyond a reasonable doubt, you must acquit the accused. This doubt, however, must be a reasonable one; that is one that is founded upon a real tangible substantial basis and not upon mere caprice and conjecture. *It must be such doubt as would give rise to a grave uncertainty*, raised in your mind by reasons of the unsatisfactory character of the evidence or lack thereof. A reasonable doubt is not a mere possible doubt. *It is an actual substantial doubt*. It is a doubt that a reasonable man can seriously entertain. What is required is not an absolute or mathematical certainty, but a *moral certainty*. [Cit.]' " 498 U. S. at 40.

constitutionally flawed as set forth in *Cage. Victor*, 494 NW2d at 569; *Sandoval*, 841 P2d at 878; see also *State v. Morley*, 474 NW2d 660, 669-670 (Neb. 1991).

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 28, 1993.

*Stephen H. Harris*, for appellant.

*Spencer Lawton, Jr., District Attorney, Ann M. Elmore, Assistant District Attorney*, for appellee.