A94A0284. SHARPE v. THE STATE.
(444 SE2d 600)

BLACKBURN, Judge.

Appellant, Michael Sharpe, was indicted along with Harry Peo-

ples for trafficking in cocaine. Peoples pleaded guilty, and Sharpe was tried and convicted. On appeal, Sharpe contends the trial court erred by denying his motion for a directed verdict of acquittal and by giving erroneous charges on the credibility of witnesses and reasonable doubt.

The evidence shows that prior to their arrests, Sharpe and Peoples were acquaintances who had known each other for six to eight months and who regularly frequented the same nightclub in Montgomery, Alabama. On October 6, 1992, they were returning to Montgomery from an overnight trip to Atlanta, Georgia, when they were stopped by a Troup County, Georgia, sheriff's deputy after the vehicle they were riding in twice crossed the fog line. The vehicle was rented by Peoples for the trip to Atlanta, and Peoples was driving at the time of the stop.

Upon receiving conflicting stories from Sharpe and Peoples as to where they had been, the deputy obtained consent from Peoples to search the vehicle. With the aid of a drug sniffing canine, 985 grams of cocaine were found hidden in a box of Surf laundry detergent in the trunk of the vehicle.

Peoples testified at trial that he and Sharpe made the trip to purchase a kilogram of cocaine from someone Sharpe knew in Atlanta. On October 5, 1992, Peoples contacted Sharpe, via Sharpe's beeper, to get the telephone number of Sharpe's friend, an alleged drug dealer. Sharpe told Peoples the person did not have any drugs, but that he knew the supplier in Atlanta and that the supplier would sell them one kilogram of cocaine and front them another. At Peoples' suggestion, they went to the Montgomery airport where Peoples rented the vehicle in which they drove to Atlanta.

Peoples further testified that when they arrived in Atlanta, the supplier was not at home, but another man took them to the Magic City Club to meet the supplier there. At the Magic City Club, the supplier told them they could not get the cocaine until the next day, so they spent the night at a Red Roof Inn. Peoples stated that early the next morning Sharpe went to Underground Atlanta with the same individual who took them to the Magic City Club the night before to get additional money needed to purchase the cocaine. After Sharpe returned, they purchased the cocaine, put it into the Surf laundry detergent box, and began the trip home.

Sharpe testified that he and Peoples made the trip for the purpose of going to the Magic City Club, a nude dancing establishment. On October 5, 1992, Peoples paged Sharpe and asked him if he would like to go with him to the Magic City Club. Sharp testified that he had never been to a nude dancing club and was very excited to join Peoples. They rented the car at the Montgomery airport and drove to the Club where they stayed until closing, spending the night at a Red

Roof Inn. The next day around noon Peoples dropped Sharpe off at Underground Atlanta so he could say hello to an old college friend, and they returned to Montgomery from there. Sharpe specifically denied Peoples' account of the events and denied being aware of the cocaine in the vehicle.

1. Sharpe contends that the trial court erred in denying his motion for directed verdict of acquittal as the only evidence against him was the uncorroborated testimony of Peoples, his alleged accomplice. We disagree.

" 'The standard of review for the denial of a motion for a directed verdict of acquittal is the same as that for reviewing the sufficiency of the evidence to support a conviction.' " *Hogan v. State*, 210 Ga. App. 122, 123 (1) (435 SE2d 494) (1993). "In Georgia, the testimony of an accomplice used to convict the accused of a crime must be supported by independent corroborating evidence as to the identity and participation of the accused tending to connect him to the crime or leading to the inference that he is guilty. Slight evidence of a defendant's identity and participation from an extraneous source is all that is required to corroborate the accomplice's testimony and thus support the verdict. The necessary corroboration may be by circumstantial evidence. . . . While mere presence at the scene of the commission of a crime is not sufficient evidence to convict one of being a party thereto, presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred." (Citations and punctuation omitted.) *Bennett v. State*, 202 Ga. App. 699 (415 SE2d 310) (1992); accord *Claybrooks v. State*, 189 Ga. App. 431, 432 (375 SE2d 880) (1988).

In the case at bar, Sharpe was traveling in the car with the cocaine, he was in possession of a beeper at the time of his arrest, Sharpe and Peoples rented the car to drive to Atlanta, even though both men owned their own automobiles, neither man was formally dressed, and the arresting officers testified that Sharpe was nervous, fidgety and talkative during the traffic stop and search of the vehicle. We find such circumstantial evidence when viewed in the light most favorable to the verdict was ample to identify Sharpe as a participant in the crime charged, and the evidence was sufficient to authorize a rational trier of fact to find him guilty beyond a reasonable doubt. See *Bennett*, supra; *Herndon v. State*, 187 Ga. App. 77, 78 (4) (369 SE2d 264) (1988).

2. Sharpe next contends the trial court erred in instructing the jury that "all witnesses who appear and testify under oath are presumed to speak the truth." Specifically, he asserts the charge misled the jury and was burden-shifting.

Our Supreme Court has suggested that use of the challenged jury charge be discontinued as possibly misleading, but both that court

and the United States Supreme Court have held that the charge is not unconstitutionally burden-shifting. *Noggle v. State*, 256 Ga. 383, 385-386 (349 SE2d 175) (1986). While the better practice would be to not give the subject charge, it is not reversible error to do so when considered in the context of the charge as a whole. See id.; *Frost v. State*, 200 Ga. App. 267, 271 (5) (407 SE2d 765) (1991); *Coleman v. State*, 189 Ga. App. 366, 367 (375 SE2d 663) (1988).

3. "[Sharpe's] remaining enumeration of error is directed to the court's charge concerning reasonable doubt in which it referenced 'reasonable and moral certainty.' . . . Although the better [practice] would [be to] not include that phrase, [the Supreme Court] held in *Vance v. State*, 262 Ga. 236 (2) (416 SE2d 516) (1992) that a similar instruction created no reversible error when considered in the context of the charge as a whole." (Citation and punctuation omitted.) *Hicks v. State*, 262 Ga. 756 (3) (425 SE2d 877) (1993); see also *McDonald v. State*, 210 Ga. App. 689 (5) (436 SE2d 811) (1993).

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED MAY 24, 1994.

*Rubin, Winter & Rapoport, Robert G. Rubin*, for appellant.
*Peter J. Skandalakis, District Attorney, Monique F. Kirby, Lynda S. Engel, Assistant District Attorneys*, for appellee.