## A94A1036. ROSSER v. THE STATE.
### (444 SE2d 615)

Birdsong, Presiding Judge.

Willie (Sonny) Boyd Rosser was convicted of sale of cocaine. The State's evidence showed that appellant Rosser sold cocaine to an undercover agent and a confidential informant after the confidential informant led the undercover agent to Greg Hammett; Hammett said he was "dry," but he got in the undercover car and directed the agent and the informant to appellant's house in Hogansville in Troup County. Appellant then directed the informant, who was driving, north out of Hogansville toward Grantville on Highway 29. Before they reached Grantville, which is in Coweta County just north of the Meriwether County line, he directed them onto another road, and after driving around for a while seemingly to conceal the location of the seller from the two "buyers," appellant directed them to get out of the car in some woods, where they waited about five minutes while appellant drove off. Appellant returned with some cocaine and sold it to the undercover agent.

On appeal, appellant contends the State did not establish venue in Meriwether County, and that the trial court erroneously denied his motion for mistrial which was based on the evidence of a co-defendant's confession and admission. *Held:*

1. The State established venue in Meriwether County. The informant did not know which county they ended up in after appellant directed them in circles for a while. The undercover agent, who was from another state, testified that she saw a sign saying Meriwether County. Appellant contends the agent's testimony is inconclusive because she was not familiar with the area and could not say for sure where the sale occurred. However, following the undercover car and

monitoring the transaction via a transmitter installed in the undercover car was a drug agent in another police vehicle. This agent is from Troup County. He testified that he and his colleagues expected and intended the sale to occur in Troup County, where Hogansville is situated, but in fact he followed the undercover car up Highway 29 north, from Hogansville almost to Grantville; just before they reached Grantville, the undercover car turned off to the right (east) onto another road. The monitoring officers followed the undercover car on this road over Interstate Highway 85 just before the sale occurred. The Official Georgia Department of Transportation Map shows that Highway 29 north from Hogansville to Grantville skirts the far northwest corner of Meriwether County but never enters Meriwether County, but if one turns to the right off Highway 29 just before entering Grantville, one would enter Meriwether County. The map shows that I-85 definitely traverses the northwest corner of Meriwether County. The jury was provided a road map as an exhibit. The evidence clearly establishes that the drug sale occurred in Meriwether County. The State shows more than the slight evidence which is sufficient to establish venue. *Johns v. State*, 239 Ga. 681, 682 (238 SE2d 372).

2. Appellant's contention that he suffered a *"Bruton"* violation (see, e.g., *McDonald v. State*, 210 Ga. App. 689, 690 (2) (436 SE2d 811)), citing *Bruton v. United States*, 391 U. S. 123 (88 SC 1620, 20 LE2d 476), when the State introduced his co-defendant's confession against him and the co-defendant did not testify, is without merit in fact. We have reviewed the transcript where appellant contends this error occurred, and we find that the monitoring officer, in testifying that Greg Hammett took him back to the location in daylight, never testified that Hammett implicated appellant in the sale. The statements concerning what Hammett told the officer concerned the location where the sale occurred, without implicating appellant as the seller. The fact that the jury might conclude from other evidence that appellant was the seller wherever the sale occurred does not amount to a statement by the co-defendant implicating appellant as the seller. Since no admission or confession implicating appellant was made by Hammett, appellant was not denied his Sixth Amendment right to confrontation of witnesses under *Bruton*.

*Judgment affirmed. Cooper and Blackburn, JJ., concur.*

DECIDED MAY 27, 1994.

*John D. Rasnick*, for appellant.
*Peter J. Skandalakis*, District Attorney, *David S. McLaughlin*,

*Assistant District Attorney*, for appellee.

