A94A1532. KESLER v. THE STATE.
A94A1819. MATTHEWS v. THE STATE.
A94A1868. CUZZORT v. THE STATE.
(451 SE2d 496)

RUFFIN, Judge.

Timothy Kesler, Herbert Matthews and Thurman Cuzzort were indicted for burglary and tried jointly in a jury trial. Kesler and Cuzzort were convicted of burglary. Matthews was convicted of the lesser included offense of criminal trespass. They appeal from the entry of the judgments of conviction on the verdicts and sentences. Their cases have been consolidated on appeal.

Viewing the evidence in a light to support the verdict, the record shows that the victim was notified at work that his house trailer had been burglarized. When he returned home, he discovered pry marks around both the front and rear doors, and the front door was damaged. Inside the home, a microwave oven was on the floor beside the front door. Wallpaper was ripped in the kitchen where the microwave plug had been jerked from the wall. Cigarette butts and ashes from an ashtray which was on top of the microwave were scattered over the floor, and the cabinet doors and stereo unit doors were standing open.

Two witnesses who passed the trailer earlier that afternoon in a Ford Bronco testified they saw a shirtless man wearing blue jeans and a baseball cap jump from the back door of the trailer and run into the woods. They observed a second man standing inside the front doorway with what appeared to be a microwave oven. This man had short light brown hair and was wearing a shirt and jeans. He set the microwave down and fled to the woods. There was also a third man with shoulder length hair in the driver's seat of a white Cavalier, parked in the driveway, who sped from the scene when he saw the Bronco. The witnesses were able to obtain the vehicle's tag number.

Shortly thereafter, based on descriptions given to the police, an officer patrolling the area spotted and arrested two men who matched the descriptions. These men were later identified as Kesler, the shirtless man who jumped from the rear of the trailer, and Cuzzort, the man seen in the front doorway with the microwave. Approximately ten minutes after the burglary, Matthews telephoned the police and indicated that he needed to speak with someone about a probable burglary. He was advised to go to the sheriff's department where he turned himself in later that afternoon. Matthews was identified as the man in the white Cavalier at the scene.

All three men gave statements to the police while in custody which were read at trial in redacted form. In addition, Matthews testified at trial that he, Kesler, and Cuzzort had been riding around in his Cavalier and drinking beer on the afternoon of the burglary; that they stopped to use the rest room near the trailer; that Cuzzort walked up to the door of the trailer; that Kesler walked toward Cuzzort and urged him to come back; that Cuzzort kicked in the door of the trailer; and that when he saw the Ford Bronco, he panicked and left. Neither Kesler nor Cuzzort testified at trial.

1. Kesler, Matthews and Cuzzort each enumerate as error the admission of custodial statements made by co-defendants who did not testify at trial and the trial court's failure to give limiting instructions. They contend the redacted statements, in which the phrase "another person" was substituted for their names, did not sufficiently prevent incrimination.

" 'Bruton (v. United States, 391 U. S. 123 (88 SC 1620, 20 LE2d

476) (1968)) holds that the right of confrontation is violated when several co-defendants are all tried jointly, one defendant's confession is used to implicate another defendant in the crime, and the confessor does not take the stand. The result is that the co-defendant cannot be cross examined by the non-confessing defendant. . . . (Cit.)' [Cit.]" *McDonald v. State*, 210 Ga. App. 689, 690 (2) (436 SE2d 811) (1993).

In his custodial statement, Kesler stated that he and two other persons pulled into the driveway; that he got out first and was walking down the road toward the woods to get to a friend's house; that he never went into the trailer; that another person got out of the Cavalier and went into the trailer; and that yet another person was driving. Cuzzort stated that he was riding around with two others in a white Cavalier on the afternoon of the burglary. He admitted breaking down the door of the trailer but could not remember what happened inside the trailer. When he saw the white car pull off, he ran.

We agree with appellants that the mere substitution of the phrase "another person" for their names did not satisfy *Bruton* because it was apparent to whom the statements were referring. However, our analysis does not end here. "[W]e will not reverse unless error is shown to be harmful." Id. at 691. "[I]f overwhelming evidence against a defendant exists apart from the statement of the co-defendant, then any violation of *Bruton* can be said to be harmless beyond a reasonable doubt." *Morton v. State*, 181 Ga. App. 781, 782 (1) (353 SE2d 852) (1987). Moreover, "there is no *Bruton* violation when the testimony presented in the co-defendant's confession is supported by the complaining defendant's own [statement]." Id.

First, we note that Cuzzort's confession did not incriminate Kesler or Matthews. To the extent the statement placed them at the scene of the crime, it was supported by their own statements. Likewise, Kesler's references to Cuzzort and Matthews were also supported by their own statements. Furthermore, the testimony of the eyewitnesses and Matthews at trial constituted overwhelming evidence of appellants' guilt. Therefore, we find that any error occasioned by the admission of the statements was harmless error under the facts of this case. *McDonald*, supra; *Walker v. State*, 213 Ga. App. 407 (7) (444 SE2d 824) (1994).

## Case No. A94A1532

2. Kesler enumerates as error the court's charge on reasonable doubt which included the phrase "moral and reasonable certainty." " 'Although the better (practice) would (be to) not include that phrase, (the Supreme Court) held in *Vance v. State*, 262 Ga. 236 (2) (416 SE2d 516) (1992) that a similar instruction created no reversible error when considered in the context of the charge as a whole.' . . .

[Cits.]" *Sharpe v. State*, 213 Ga. App. 280, 283 (3) (444 SE2d 600) (1994).

Kesler also contends the trial court erred in defining reasonable doubt as "a doubt founded upon reason and common sense, and for which a *specific* reason can be given." (Emphasis supplied.) Kesler argues that the Suggested Pattern Jury Instructions does not include the word "specific"; that a juror is not required to articulate a "specific" reason in order to find reasonable doubt; and that such language suggests an improperly high degree of doubt for an acquittal. We disagree.

The charge given by the trial court is consistent with the suggested jury pattern charge in defining reasonable doubt as a doubt for which *a* reason can be given as opposed to a "vague or arbitrary notion." Suggested Pattern Jury Instructions (July 1992). Since the charge given by the court in the instant case did not contain the "vague or arbitrary notion" language, the inclusion of the word "specific" aided the jury in understanding and applying the burden of proof. Viewing the charge in its entirety, we find no reversible error.

### Case No. A94A1819

3. Matthews also contends the evidence was insufficient to support his conviction of criminal trespass because there was no proof of the dollar value of any damage done to the premises, nor was there evidence that the property was interfered with without the owner's consent pursuant to OCGA § 16-7-21 (a). This enumeration is without merit because, as Matthews himself points out, the jury was also charged that criminal trespass could be committed as set forth in subsection (b) (1), which requires only that entry be made upon the land of another without authority and for an unlawful purpose. There was sufficient evidence to enable a rational trier of fact to find Matthews guilty of criminal trespass under the latter provision beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Therefore, the trial court did not err in denying Matthews' motion for new trial on this ground.

### Case No. A94A1868

4. Cuzzort contends he was denied effective assistance of counsel due to his trial counsel's failure to pursue a motion for severance based on *Bruton* and his failure to secure a ruling from the trial court that his confession was inadmissible.

No evidence was produced at the hearing on Cuzzort's amended motion for new trial, there was no express request for an evidentiary hearing, and trial counsel was not heard on the issue of his representation; nonetheless, errors enumerated by Cuzzort may be resolved

without such testimony by reference to evidence in the record. *Dawson v. State*, 258 Ga. 380, 381 (2) (369 SE2d 897) (1988); *Davis v. State*, 203 Ga. App. 227 (4) (416 SE2d 771) (1992).

"A trial court's finding that a defendant has not been denied effective assistance of trial counsel will be affirmed unless clearly erroneous. [Cit.] [Cuzzort] must overcome the strong presumption that defense counsel's conduct falls within the broad range of reasonable professional conduct. [Cit.] 'To establish ineffective assistance of counsel, (a defendant) must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense. [Cit.]' [Cit.] The test is whether there is a reasonable probability the jury would have reached a different verdict, absent the error of counsel. [Cit.]" *Peterson v. State*, 212 Ga. App. 147, 151 (4) (441 SE2d 481) (1994).

Since we have already determined in Division 1, relative to Cuzzort, that any error in the admission of Kesler's statement was harmless, we will move to the second contention raised by Cuzzort, that trial counsel failed to have the trial court rule his confession inadmissible, specifically because the details of the confession were elicited by the investigating officer after Cuzzort asserted his right to remain silent and terminate the interrogation.

Contrary to Cuzzort's contention that trial counsel did nothing to have the confession excluded, the record shows that counsel requested a *Jackson-Denno* hearing prior to the trial after which the court determined, upon hearing the testimony of the investigating officer, that Cuzzort's statement was freely and voluntarily given after he had been advised of his *Miranda* rights. Pretermitting a determination of whether Cuzzort invoked his right to remain silent, even if Cuzzort did equivocally or unequivocally invoke his right to remain silent, any error in admitting his confession was harmless, as the two eyewitnesses described Cuzzort's role in the burglary in detail. *Tankersley v. State*, 261 Ga. 318 (2) (b) (404 SE2d 564) (1991). The verdict was also supported by Matthews' testimony.

Cuzzort has not shown that there is a reasonable probability that the verdict would have been different without the admission of Kesler's statement and his confession; thus, he has not demonstrated that his defense was prejudiced under *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984). *Gross v. State*, 262 Ga. 232 (1) (416 SE2d 284) (1992). Accordingly, the trial court did not err in denying his motion for new trial.

*Judgments affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED NOVEMBER 29, 1994 —
RECONSIDERATION DENIED DECEMBER 12, 1994 —

*Cook & Palmour, Bobby Lee Cook, L. Branch Connelly,* for appellants.

*Ralph L. Van Pelt, Jr., District Attorney, Melodie S. Bedford, Assistant District Attorney,* for appellee.