A00A0038. KNIGHT v. THE STATE.
(528 SE2d 855)

PHIPPS, Judge.

Following denial of his motion for new trial, Willie Knight appeals his conviction of trafficking in cocaine. He challenges the sufficiency of the evidence, the legality of the traffic stop through which the evidence was obtained, and the effectiveness of his attorneys' representation.

Knight's co-indictee Evans pled guilty to possession of cocaine with intent to distribute and appeared as a State's witness at Knight's trial. He testified as follows. On July 22, 1994, he agreed to accompany Knight on an unspecified errand which Knight said he had to run. At approximately 2:30 to 3:00 p.m., Knight drove them to

a restaurant in a rental car. At the restaurant, Knight informed Evans that he needed to go to a Smile gasoline station on Fifteenth Street to consummate a drug transaction. En route, Knight stopped the car at a church, took out a set of scales, weighed an amount of cocaine, and sold it to a man who had approached the car. As Knight drove away, he gave Evans a plastic bag containing the remaining cocaine, money, and the scale and asked Evans to hold them. Knight then informed Evans that they were going to the Smile station to make the other cocaine sale. While stopped at a traffic light on the way there, they were abruptly surrounded by police vehicles.

City of Augusta Police Detectives Howell and Patterson emerged from one of the vehicles and approached Knight's car. Howell effectuated the stop based on information from a confidential source that a described individual would be driving a certain vehicle in which he would be transporting approximately two ounces of cocaine to a Smile gas station on Fifteenth Street between 3:00 and 4:00 p.m. on the day in question. Knight fit the description that was given and was driving the described car to the specified location during the predicted time interval.

After Howell and Patterson approached Knight's car, the plastic bag containing the cocaine was observed in plain view in Evans's lap. Evans, Knight, and the car were then searched. The electronic scale was found in Evans's pants pocket, and another electronic scale and a hand-held scale were found in the glove compartment. Evans was also found to be in possession of $903. He testified that Knight had given him $900. The officers discovered paperwork which showed that Knight had rented the car. They also found a key to a local motel room where Knight had been staying. Evans testified that Knight later offered him a large sum of money if he would implicate only himself in the crime.

1. Knight challenges the sufficiency of the evidence to support his conviction of trafficking in cocaine on the ground that the only evidence against him was the uncorroborated testimony of accomplice Evans.

"Any person who . . . is knowingly in possession of 28 grams or more of cocaine or of any mixture with a purity of 10 percent or more of cocaine . . . in violation of [the Georgia Controlled Substances Act] commits the felony offense of trafficking in cocaine. . . ."[1]

Here, the cocaine was found in plain view of Knight in the lap of the front seat passenger of the car Knight was driving. Under the circumstances, the jury was authorized to find that the cocaine was in Knight's joint, constructive possession. Indisputably, the cocaine con-

---

[1] OCGA § 16-13-31 (a) (1).

sisted of more than twenty-eight grams of a mixture with a purity of more than ten percent of cocaine. Testimony given by Howell provided circumstantial evidence of Knight's trafficking in cocaine by showing that his possession of the scale and his use of a rental car and motel room are characteristic of methods of operation employed by drug traffickers.

> [T]he sufficiency of the corroboration evidence is peculiarly a matter for the jury to determine. If the verdict is founded on slight evidence of corroboration connecting a defendant with the crime, the verdict is legally sufficient. [T]he necessary corroboration may consist entirely of circumstantial evidence, and evidence of the defendant's conduct before and after the crime was committed may give rise to an inference that he participated in the crime.[2]

There was ample corroborating evidence to support the verdict.[3] Viewed in a light most favorable to the verdict, the evidence was sufficient to authorize a rational trier of fact to find Knight guilty beyond a reasonable doubt.[4]

2. Asserting that the stop of his vehicle was unsupported by probable cause or reasonable suspicion and was thus unlawful, Knight contends that the court erred in denying his motions to suppress physical evidence seized and his motion in limine to exclude testimony derived as a result of the stop.

Knight argues that the stop was unlawful because it was based on information from an informant of unproven reliability. This argument is without merit. Howell testified that he had ascertained that the source had provided information to the Richmond County Sheriff's Department that led to at least three felony arrests. Contrary to arguments advanced by Knight, the information provided by the source thus bore more indicia of reliability than information provided by an anonymous informant.[5] And even if the stop had been based on an anonymous tip, the information proved reliable enough to provide reasonable suspicion of criminal activity. The information, as corroborated, included "a range of details relating not just to easily obtained facts and conditions existing at the time of the tip, but to future actions of third parties ordinarily not easily predicted."[6]

---

[2] (Citations and punctuation omitted.) *Harrison v. State*, 259 Ga. 486, 488 (1) (384 SE2d 643) (1989).

[3] See *Sharpe v. State*, 213 Ga. App. 280, 282 (1) (444 SE2d 600) (1994) and cits.

[4] See id. and cits.; compare *Reid v. State*, 212 Ga. App. 787 (442 SE2d 852) (1994).

[5] See *Bentley v. State*, 214 Ga. App. 580, 582 (2) (448 SE2d 479) (1994).

[6] (Citations and punctuation omitted.) *VonLinsowe v. State*, 213 Ga. App. 619, 621 (1) (445 SE2d 371) (1994); see *Thomas v. State*, 231 Ga. App. 173 (498 SE2d 760) (1998).

3. Finally, Knight contends that the court erred in denying his motion for new trial on the basis of ineffective assistance of counsel.

> To establish a claim of ineffective assistance of counsel, [Knight] must show both that his trial counsel's performance was deficient and that counsel's deficiency so prejudiced his defense that a reasonable probability exists that the result of the trial would have been different but for that deficiency. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). [Knight] must establish both the performance and the prejudice components of the *Strickland* test.[7]

The trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous.[8]

Knight was originally represented by attorney Fleming. He charges Fleming with ineffective assistance because he allowed co-counsel to question witnesses and present oral argument at the hearing on the motion to suppress and because he waived Knight's right to a preliminary hearing. Although Knight argues that he would have been exonerated at the preliminary hearing, he was convicted at trial. Knight has not pointed to anything that Fleming could or would have done differently than his co-counsel at the suppression hearing and, therefore, has shown no prejudice by counsel's actions.

Before trial, attorney Dunstan became Knight's defense counsel because Fleming was also representing Evans. Knight charges Dunstan with ineffective assistance because he did not spend sufficient time consulting with him in preparation for trial and because he did not request a charge on the lesser included offense of cocaine possession. In his testimony, Dunstan averred that he spent ample time with Knight in preparing for trial and that he did not request a jury instruction on the lesser included offense because Knight was unequivocally opposed to the idea. The trial court's determination that Knight was not denied effective assistance is not clearly erroneous.

*Judgment affirmed. Johnson, C. J., and McMurray, P. J., concur.*

DECIDED JANUARY 26, 2000 —
RECONSIDERATION DENIED FEBRUARY 14, 2000 —

---

[7] *Johnson v. State*, 222 Ga. App. 722, 728 (9) (475 SE2d 918) (1996).
[8] *Smith v. State*, 256 Ga. 483 (351 SE2d 641) (1986).

*Sam B. Sibley, Jr.*, for appellant.

Willie F. Knight, *pro se.*

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.