## S06A1040. LYNCH v. THE STATE.
### (635 SE2d 140)

BENHAM, Justice.

Kelvin Jason Lynch brings this appeal from his conviction of murder and other offenses arising from the shooting death of Delvecchio Cummings, who was found dead behind the wheel of his car.[1] At trial, a witness who lived near where Cummings was found testified she saw a car stop near her house while two men inside it argued. After a shot was fired, a man she identified in a photo spread as Lynch fled from the car which then continued down the street and collided with a house. Witness Anderson testified that when he responded to a call from Lynch by picking Lynch up near the shooting site, Lynch told him he had killed Cummings and jumped out of the moving car. Lynch described shooting Cummings when he looked away, which was consistent with medical testimony describing the fatal wound, and claimed he was paid for the shooting with cocaine and cash. Anderson said he and Lynch unsuccessfully searched for Lynch's .357

---

[1] Cummings was killed on July 9, 2000, and Lynch was indicted on July 2, 2003, for malice murder, felony murder (aggravated assault), possession of a firearm during commission of a felony, and possession of a firearm by a convicted felon. Following a verdict of guilty on all counts at a jury trial conducted August 4-6, 2004, the trial court sentenced Lynch to life imprisonment for malice murder and to consecutive terms of five years for each of the firearm possession counts. The felony murder verdict was vacated by operation of law upon sentencing for malice murder. *Malcolm v. State,* 263 Ga. 369 (4) (434 SE2d 479) (1993). Trial counsel filed a motion for new trial on August 24, 2004, and appellate counsel filed another motion for new trial on August 31, 2004, and amended it on March 10, 2005. After a hearing on April 19, 2005, the trial court denied the motion for new trial on October 25, 2005. A timely notice of appeal was filed on November 1, 2005; the record was transmitted to this Court and the appeal was docketed on February 22, 2006; and the appeal was submitted for decision on the briefs.

pistol which Lynch said he had hidden after the shooting. The fatal wound was consistent with a weapon of that caliber. Witness Ray Williams testified Lynch bragged about committing the crime and that he told the police what Lynch said, but also said at trial he never believed Lynch had done the killing. Witness Bowman testified he saw Cummings in his car on the day he died and that Cummings identified his passenger as Lynch. He also testified he later heard Lynch bragging to a friend in jail that he had killed Cummings.

After the return of the verdict on the murder and possession of a firearm during commission of a felony counts, the State put into evidence a certified copy of Lynch's previous conviction for one felony count of violating the Georgia Controlled Substances Act and the jury returned a verdict of guilty on the possession of a firearm by a convicted felon count.

1. The evidence adduced at trial and summarized above was sufficient to authorize a rational trier of fact to find Lynch guilty beyond a reasonable doubt of the offenses of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Lynch contends the use of hearsay testimony denied him the right to confront the witnesses against him. The lead investigator in this case testified he received a letter from Tyree Williams claiming to have information about the murder. When the investigator interviewed Williams in prison, Williams asserted Corey Jivens told him Lynch claimed to have shot Cummings. When questioned at trial, however, Jivens denied Lynch had admitted the crime to him and denied telling Tyree Williams about it. Tyree Williams was called to testify, but refused to answer any questions put by the prosecutor. The prosecution was then permitted to call as a witness the investigator who interviewed Williams. He testified Tyree Williams told him that Corey Jivens said Lynch had admitted the crime, including such details as jumping out of a moving car and calling someone to pick him up.

The State's rationale for offering the investigator's testimony was that since Jivens denied telling Williams that Lynch admitted the crime, Williams's contrary statement to the investigator would constitute an inconsistent statement of Jivens's and would be substantive evidence of Lynch's guilt. See *Gibbons v. State*, 248 Ga. 858 (286 SE2d 717) (1982). Pretermitting whether such a multi-layered set of purportedly inconsistent statements could produce substantive evidence under *Gibbons*, the State's plan failed because Williams did not give any testimony inconsistent with the statement testified to by the officer.[2] Because Williams's refusal to answer questions could not

---

[2] In the order denying Lynch's motion for new trial, the trial court stated the police officer

have served as the basis for admission of the investigator's testimony (*Barksdale v. State*, 265 Ga. 9 (2) (a) (453 SE2d 2) (1995)), that testimony was inadmissible hearsay. Id. However, the error in admitting the testimony is harmless in light of the fact it was merely cumulative of the testimony of witnesses Anderson, Bowman, and Ray Williams. *Scott v. State*, 243 Ga. App. 383 (2) (532 SE2d 141) (2000).

3. Lynch asserts on appeal five contentions of ineffective assistance of counsel: failure to object to testimony that Lynch had been incarcerated with several of the witnesses; failure to impeach witnesses with their criminal records; failure to object to hearsay testimony by witness Bowman; failure to object when a witness was asked to speculate; and failure to investigate the case.

> In order to establish ineffectiveness of trial counsel, appellant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. There is a strong presumption that the performance of trial counsel falls within the wide range of reasonable professional assistance. The reasonableness of the conduct is viewed at the time of trial and under the circumstances of the case.

(Citations and punctuation omitted.) *Harris v. State*, 280 Ga. 372, 374 (3) (627 SE2d 562) (2006).

At the hearing on Lynch's motion for new trial, counsel explained he chose not to object to testimony that Lynch had been incarcerated with several of the witnesses because he wanted the jury to know that all these witnesses were criminals. He also testified he did not use criminal records to impeach the witnesses because they were all testifying in prison garb, making it clear to the jury they were criminals, and because putting in certified copies of their convictions would have forfeited the defense's right under the law as it was then to have the final argument.

> Informed strategic decisions do not amount to inadequacy. . . . [Cit.] "The fact that appellant and his present counsel now disagree with the difficult decisions regarding trial tactics and strategy made by trial counsel does not require a finding that appellant received representation amounting to ineffective assistance of counsel." [Cit.]

---

testified that Williams said he overheard Lynch admit the murder to Jivens. In fact, the transcript reveals that the officer's testimony was that Williams told him Jivens said Lynch had admitted the murder, not that Williams heard Lynch make the admission.

*DeYoung v. State*, 268 Ga. 780, 785-786 (5) (493 SE2d 157) (1997). We agree with the trial court that ineffectiveness was not shown with regard to these two issues.

Witness Bowman was permitted to testify without objection that although he did not see who was with Cummings in his car when Bowman saw him on the day he died, Cummings told him Lynch was the passenger. Assuming for the sake of argument that counsel's failure to object amounted to deficient performance, the subsequent introduction of a statement by Bowman in which he claimed to have seen Lynch in the car on that occasion persuades us, as it did the trial court, that Lynch cannot show, as he must to satisfy the prejudice prong of *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), that the outcome of the trial would have been different absent counsel's failure to object.

Similarly, Lynch's assertion that trial counsel was ineffective in permitting the State to elicit speculation that the person who killed Cummings could be the person who called an anonymous tip line to suggest various suspects fails to meet the prejudice prong of an ineffective assistance of counsel claim. There was no suggestion by the prosecuting attorney or the witness that Lynch made any of the anonymous calls, and given the briefness of the reference and the absence of connection to Lynch, we agree with the trial court's finding that no prejudice was shown.

Finally, Lynch's contention on appeal that trial counsel was ineffective for not investigating the case was not raised in the motion for new trial filed by appellate counsel. "[C]ontentions of ineffectiveness not raised on motion for new trial by counsel appointed . . . after conviction are waived. [Cit.]" *Spear v. State*, 270 Ga. 628, 631 (5) (513 SE2d 489) (1999).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 18, 2006.

*Jennifer R. Burns*, for appellant.

*Spencer Lawton, Jr., District Attorney, Ann M. Elmore, Assistant District Attorney, Thurbert E. Baker, Attorney General, Edwina M. Watkins, Assistant Attorney General*, for appellee.