## A07A0133. ALLEN v. THE STATE.
### (649 SE2d 583)

ADAMS, Judge.

Gregory Allen was tried and convicted of trafficking in cocaine for knowingly being in possession of 28 grams or more of cocaine, possession of cocaine with intent to distribute (which merged with the first count), and possession of a firearm during the commission of a felony. On appeal, he contends the evidence was insufficient, that his trial counsel was ineffective, and that he was denied a fair trial because the jury foreperson failed to provide truthful responses during voir dire.

Construed in favor of the verdict, the evidence shows that, during the execution of a search warrant, authorities arrested Allen and his girlfriend, Erica Fitzgerald, in the house where they lived. The arrest followed several days of surveillance by Officer Greg Junior and others that produced evidence that cocaine was being sold from the house. Fitzgerald pleaded guilty to lesser charges and testified that Allen was her boyfriend at the time and that she was pregnant with his child. She testified that the gun and drugs found in a pillowcase in their bedroom belonged to Allen and that he had brought them to the residence; that Allen sold drugs from the house through an intermediary although he occasionally sold some himself; that the intermediary gave the monetary proceeds to Allen; that Allen was in charge of the selling operation and responsible for providing the drugs; that one man served as a lookout at the house; that she and Allen were in their bedroom where the drugs were found when the officers executed the search warrant; and that the couple met when she herself purchased drugs from him only a couple of months prior to the arrest.

This information was corroborated by other testimony that Allen rented the property; that many people were observed making short — two- to five-minute — visits to the residence on each of four different days in a two-week span, sometimes at a rate of six to eight people an hour, including on the day the search warrant was executed; that several people were arrested in possession of cocaine after a brief visit to the house; that on two of those days, the officers observed Allen directing people into the house and following them inside; that 37.8 grams of cocaine were found in the bedroom; that a .38 caliber handgun was found in the same bedroom; that Allen had $737 on his

person in small bills; that items of clothing seen on Allen, and other clothing matching the size of Allen and Fitzgerald, were found in the bedroom where the drugs and gun were located; and that after execution of the warrant, six more people came to the house asking to purchase cocaine.

1. The evidence was sufficient to support convictions for trafficking in cocaine for being knowingly in possession of 28 grams or more of cocaine (OCGA § 16-13-31), possession of cocaine with intent to distribute (OCGA § 16-13-30), and possession of a firearm during the commission of a violation of the Georgia Controlled Substances Act (OCGA § 16-11-106). *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See also *Gay v. State*, 221 Ga. App. 263, 264-265 (1) (471 SE2d 49) (1996).

Allen contends the State relied solely on circumstantial evidence but failed to eliminate all other reasonable hypotheses of innocence, primarily because several other people were in the house at the time of the search. See OCGA § 24-4-6. First, Fitzgerald's testimony included direct evidence. And,

> questions as to the reasonableness of hypotheses are generally to be decided by the jury [that] heard the evidence[,] and where the jury is authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt, that finding will not be disturbed unless the verdict of guilty is insupportable as a matter of law. [Cit.]

*Robbins v. State*, 269 Ga. 500, 501 (1) (499 SE2d 323) (1998). Because there was evidence linking Allen with the drugs and gun, including Fitzgerald's testimony, the jury was authorized to conclude that Allen was not merely an innocent bystander at the residence at the time the search warrant was executed.

Allen contends there was no evidence that the drugs or gun were in his possession. But Allen was found in the doorway to the bedroom where the items were found; he rented the home; Fitzgerald testified that the drugs and gun belonged to Allen and that the bedroom was the one they shared; and items of Allen's clothing were found in the room. The evidence authorizes the conclusion that Allen and Fitzgerald were in joint constructive possession of the drugs and gun and that they had equal access to the items. *Brownlee v. State*, 173 Ga. App. 138, 139 (1) (325 SE2d 815) (1984).

Allen contends his conviction was based on the uncorroborated testimony of an alleged accomplice, namely, Fitzgerald. See OCGA § 24-4-8. But slight evidence of corroboration is sufficient, and the sufficiency of corroborating evidence is generally a matter for the

jury. *Knight v. State*, 242 Ga. App. 363, 365 (1) (528 SE2d 855) (2000); *Brown v. State*, 199 Ga. App. 18, 21-23 (4) (404 SE2d 154) (1991). In this case, at least slight evidence, as shown above, was presented at trial to corroborate Fitzgerald's testimony, and it tended to connect and identify Allen with the crime charged in that he rented the house, the drugs and gun were found in his bedroom, and he had a large amount of cash on his person. See *Clemons v. State*, 265 Ga. App. 825, 826-827 (595 SE2d 530) (2004).

2. Allen contends he received ineffective assistance of counsel in several regards.

> In order to establish ineffectiveness of trial counsel, appellant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. There is a strong presumption that the performance of trial counsel falls within the wide range of reasonable professional assistance. . . . In reviewing a lower court's determination of a claim of ineffective assistance of counsel, we give deference to the trial court's factual findings, which are upheld on appeal unless clearly erroneous; however, we review the lower court's legal conclusions de novo.

(Citations and punctuation omitted.) *Williams v. State*, 277 Ga. 853, 857 (6) (596 SE2d 597) (2004). Furthermore, the cumulative effect of counsel's errors should be considered with regard to the prejudice test. *Schofield v. Holsey*, 281 Ga. 809, 811, n. 1 (642 SE2d 56) (2007), following *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SC 2052, 80 LE2d 674) (1984).

(a) Allen contends trial counsel elicited from law enforcement officials irrelevant, inflammatory and prejudicial hearsay that linked him to the crimes.

Prior to trial, Allen's counsel moved in limine to exclude all evidence associated with the surveillance. The State argued that all incidents surrounding the surveillance for the 15 days leading up to the arrest were part of the res gestae of the crime, especially with regard to the charge of trafficking and possession with intent to distribute. The State made clear that it intended to offer what the officers saw but not any hearsay. Counsel for Allen added, "They can't get into the people they stopped and those conversations." She also urged that to introduce the hearsay would be a violation of Allen's right to confront the witnesses. The State indicated that it intended to offer testimony that six individuals had come to buy drugs after the arrest.

The trial court ruled that the evidence of pre-search surveillance could come in except for any hearsay. But the court distinguished the

testimony about what six would-be purchasers said following the execution of the warrant and ruled that the hearsay regarding those statements would be allowed.[1] Shortly thereafter, Allen's counsel added, "regarding independent acts [of others arrested during the surveillance], . . . I would just make an objection to the Court's ruling; and since the Court is ruling on my motion in limine, that I'll still raise the objection at trial, but I will make [a]n objection on the record for now." The Court responded, "that can be a continuing objection so you don't need to keep making it. That's fine." Thus, Allen's counsel had the benefit of a continuing objection to the pre-search surveillance evidence.

At trial, the State questioned Officer Junior about the surveillance and, for the most part, avoided eliciting hearsay from the people who had been questioned regarding their visits to Allen's home. During the direct examination (as summarized above), Officer Junior testified about Allen's activities when he appeared to be directing people to go into the house and how some of the people leaving the house were found to have drugs. He also testified about the search and discovering Allen and his clothing in close proximity to the drugs and gun, and a large quantity of small bills on his person.

On cross-examination, Allen's counsel asked about statements made by two of the people who were stopped after leaving the premises during the surveillance. In her question she revealed damaging evidence:

> In your police report, you state that, in reference to those two people that were arrested, that they gave descriptions of my client, Mr. Allen . . . they referenced him as Greg . . . and also Erica Fitzgerald; is that correct? . . . and . . . that these people . . . sold them crack cocaine; is that correct?

Later counsel asked Officer Junior to read from his report. He read the following:

> Two other persons were arrested, gave brief descriptions of Gregory Allen and Erica Fitzgerald, (Greg and Sunshine), and said they are the ones who sold them the crack cocaine.

During further cross-examination, Allen's counsel asked Officer Junior whether it was true that a portion of his police reports showed that

---

[1] Allen has not appealed the court's decision on the motion in limine.

no drugs were found to have been sold by Allen on October 12, 1999. Junior explained that that was not true. He reiterated the above statement and added:

> Another arrested person gave detailed descriptions of Gregory Allen and Erica Fitzgerald and said that they were selling crack cocaine. So there was not enough evidence so I would charge Mr. Allen specifically with selling cocaine because all I had was the people arrested saying that he was the one that sold to them, not enough to charge Mr. Allen specifically with selling that day, but enough to lead me to believe that Mr. Allen was selling cocaine that day, yes.

At the hearing on the motion for new trial, Allen's trial counsel testified that she had understood that Judge Etheridge had held that all evidence surrounding the surveillance and the events following the search would be admissible as part of the res gestae of the crimes, including the hearsay. And she thought she was protected by her objection to the trial court's decision. She later added that she "was really flustered by Detective Junior . . . and that might have thrown me off in terms of being very — making objections that I could have made at the time." But the record also reveals that Allen's counsel objected to some hearsay.

On appeal, Allen argues that his trial counsel elicited the very testimony that she herself had properly sought to exclude with the pre-trial motion in limine, and in fact did exclude, all because she misunderstood the trial court's ruling. And because the evidence linking Allen to the drugs and gun found in the house was circumstantial, the hearsay linking him to drug sales likely affected the verdict, especially with regard to the charge of trafficking. The State counters that informed strategic decisions do not amount to inadequate representation and that because the testimony was duplicative of Fitzgerald's, it was not prejudicial.

A review of the cross-examination of Officer Junior shows that Allen's counsel was pursuing a strategy of trying to get Officer Junior to state that he did not know whether the people going in and out of the house possessed drugs before entering the house; that some of those people did not have drugs when they left the premises; and that the surveillance resulted in numerous police reports most of which did not mention Allen at all. Counsel then focused on the one report that did mention her client, as quoted above. She elicited from Officer Junior that his report was a summary or composite report taken from two different reports regarding crimes charged against other people, and she attempted to show that his report falsely overstated the contents of those reports. She further showed that Officer Junior had

no personal knowledge to substantiate the statements in his report that linked Allen with the sale of drugs. She also elicited that the surveillance showed other people were present at the house, some of whom appeared to be involved in drug activity, which related to the fact that other people were present in the house on the day of the search, some of whom ran when police entered.

In other words, although counsel elicited prejudicial hearsay, her questions were based on a strategic decision to attempt to show that the police had very little to link her client with any drug sales. Although she testified at the hearing on the motion for new trial that her questions were based on a misunderstanding of a trial court ruling, her actions show that she had a strategy and that she, on at least two occasions, objected to hearsay. "Effective assistance does not mean that a defendant is entitled to have the best counsel appointed, or any particular counsel, but it does mean that he must have such assistance as will assure him due process of law." *Pineda v. Bailey*, 340 F2d 162, 164 (5th Cir. 1965). We find no due process violation here. Furthermore, the damaging hearsay was cumulative of Fitzgerald's testimony that Allen sold drugs through an intermediary, and therefore Allen cannot satisfy the prejudice prong of the test for ineffective assistance of counsel. *Lynch v. State*, 280 Ga. 887, 890 (3) (635 SE2d 140) (2006).

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U. S. at 686 (II). We cannot say the trial court committed error in concluding that Allen had not shown prejudicial ineffective assistance of counsel.

(b) Allen also contends his counsel should have requested a charge of the lesser included offense of simple possession. But here, there was no evidence to support simple possession of a small amount of contraband. See *Bertholf v. State*, 224 Ga. App. 831 (482 SE2d 469) (1997). And counsel made an informed tactical decision to make an all-or-nothing defense (precluding a charge on lesser included offenses), which cannot be the basis for a claim of ineffective assistance. *Moyer v. State*, 275 Ga. App. 366, 374 (5) (a) (620 SE2d 837) (2005).

(c) Allen also contends his counsel elicited bad character evidence that was prejudicial. On cross-examination of Fitzgerald, Allen's counsel asked when Fitzgerald first went to Allen's house. In response, the witness testified, "I went there to buy drugs. I was on drugs then. . . . I met him. He was the dope man, and I bought drugs from him. . . ." Allen's counsel did not object to the response, ask for a curative instruction, or seek a mistrial. Thus, Allen's counsel elicited testimony damaging to her client and did not do anything about it. But there is no error when the contested evidence is

cumulative of other relevant evidence. *Quarles v. State*, 285 Ga. App. 758 (647 SE2d 415) (2007). In this case, Fitzgerald testified that Allen sold drugs from the house through an intermediary. The contested testimony was cumulative.

(d) Allen contends his counsel violated his Sixth Amendment right to confrontation by failing to properly cross-examine Fitzgerald regarding bias. See generally *Perez v. State*, 254 Ga. App. 872, 873 (1) (564 SE2d 208) (2002) (possible bias resulting from sentence reduced in exchange for testimony may be crucial to defense). But Allen's counsel did cross-examine Fitzgerald about possible bias resulting from striking a deal with the prosecution, and Allen only quibbles with the extent of the questioning. Furthermore, decisions on how to conduct cross-examination are exclusively within the province of the lawyer after consultation with his client. *Reid v. State*, 235 Ga. 378 (219 SE2d 740) (1975).

(e) Allen claims that trial counsel should have presented evidence to contest the amount and weight of the drugs. But counsel elicited information that only one of three items was tested. And that single item weighed in excess of 28 grams. We see no error.

(f) Allen complains that his attorney solicited information from Fitzgerald establishing that Allen lived at the house where the search took place. But the landlord testified that Allen was a tenant at the property. Any erroneous testimony was cumulative.

3. At the hearing on the motion for new trial, Allen's trial counsel testified that after the trial, she learned that the foreperson of the jury had ties to law enforcement that he did not reveal during voir dire. This person allegedly confessed to concealing that he had an uncle who was a judge in Florida who specialized in narcotics cases. Allen did not name the venire person or have that person testify at the hearing on the motion for new trial. Trial counsel testified that she would have used a peremptory strike if she had known.

In this setting, the Supreme Court has established that to obtain a new trial, "a party must first demonstrate that a juror failed to answer honestly a material question on *voir dire*, and then further show that a correct response would have provided a valid basis for a challenge for cause." *Isaacs v. State*, 259 Ga. 717, 741 (44) (e) (386 SE2d 316) (1989); see also *Sears v. State*, 270 Ga. 834, 840 (2) (514 SE2d 426) (1999). First, Allen has not presented testimony from the juror himself, and Allen's counsel's testimony is only hearsay. Second, Allen has not shown that if the juror had given a truthful answer he would have been dismissed for cause, as required.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED JULY 10, 2007.

*Axam & Adams, Tony L. Axam*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Deputy District Attorney, Shepard R. Orlow, Marc A. Mallon, Gary S. Hulsey, Assistant District Attorneys*, for appellee.