A08A0894. SLADE v. THE STATE.
(658 SE2d 439)

BLACKBURN, Presiding Judge.

Challenging the sufficiency of the evidence, Jarrod Slade appeals his jury-trial conviction for possessing cocaine. Because Slade's co-defendant testified and identified Slade as the owner of the cocaine at issue, and because Slade was standing next to the cocaine in plain view, the evidence sufficed to sustain the conviction. Accordingly, we affirm.

When considering a criminal defendant's challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the verdict and, without weighing the evidence or determining witness credibility, determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Bryant v. State.*[1] See *Jackson v. Virginia.*[2]

[7] *Navarrete v. State*, 283 Ga. 156, 160 (2) (656 SE2d 796) (2008).
[1] *Bryant v. State*, 288 Ga. App. 863, 867 (2) (655 SE2d 707) (2007).
[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the evidence shows that an officer approached an apartment to execute an arrest warrant on a female living there. When the officer knocked, he could see into the apartment's kitchen through a window adjacent to the front door, in which kitchen he saw Slade. Slade answered the door and told the officer that the wanted female was not there. Hearing activity in the apartment's bedroom, the officer challenged this assertion; Slade then called to the female to come forward, which she did. While arresting the female in the apartment's foyer, the officer (now joined by backup officers) kept an eye on Slade to ensure police safety. The officer witnessed Slade, who continued to stand in the kitchen, repeatedly pick up a beer can, take a drink, and replace the beer can on the kitchen counter. In plain view on the kitchen counter near the beer can, the officer saw a digital scale partially coated with white powder and a small plastic bag containing a white powder that appeared to be cocaine.

Slade and the female were charged with joint possession of the cocaine. At trial, expert testimony showed the white powder to be cocaine. The female co-defendant testified, identifying Slade as the owner of the cocaine and of the scale and claiming he was working with the scale just prior to the officer's arrival. The jury found both Slade and the female guilty of possession of cocaine, giving rise to this appeal.

Possessing cocaine is a violation of OCGA § 16-13-30 (a). Here, the female co-defendant gave direct testimony that Slade possessed the cocaine found by police on the kitchen counter. Although the testimony of a single witness is generally sufficient to establish a fact in a felony case, where the witness is an accomplice, that testimony must be corroborated. OCGA § 24-4-8. "But slight evidence of corroboration is sufficient. . . ." *Allen v. State*.[3] Here, the open and plain view presence of the cocaine within Slade's arm's reach at a place on the kitchen counter where he repeatedly placed his can of beer sufficiently corroborated the female co-defendant's testimony that he possessed the cocaine. See *Curtis v. State*[4] (corroborating evidence was that drugs were in open bag at defendant's feet). See also *Meridy v. State*[5] (defendant's sitting near cocaine in plain view on table was corroborating circumstance).

Moreover, even without the co-defendant's testimony, the evidence that Slade stood within arm's length of the cocaine in plain view, where he repeatedly placed his can of beer, showed that Slade

---

[3] *Allen v. State*, 286 Ga. App. 469, 470 (1) (649 SE2d 583) (2007).

[4] *Curtis v. State*, 282 Ga. App. 322, 323 (1) (638 SE2d 773) (2006).

[5] *Meridy v. State*, 265 Ga. App. 440, 442 (2) (594 SE2d 378) (2004).

was, at the least, in joint and constructive possession of the cocaine. See *Widener v. State*.[6] See also *Bryant*, supra, 288 Ga. App. at 867 (2) (drugs in plain view authorized finding that all three occupants of the room had equal access to the drugs and were in joint possession of the drugs); *Felix v. State*[7] (where defendants were sole occupants of room in which cocaine was in plain view and within arm's reach, jury was authorized to find they jointly possessed the cocaine). Slade's pointing to evidence that the female co-defendant had equal access to the cocaine is of no consequence, as "the equal access doctrine does not apply to those charged with being in joint constructive possession of contraband." *Fain v. State*.[8] See *Cooper v. State*.[9]

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED FEBRUARY 29, 2008.

*John R. Burdges*, for appellant.
*Daniel J. Porter, District Attorney, William C. Akins, Assistant District Attorney*, for appellee.

---

[6] *Widener v. State*, 242 Ga. App. 438, 439 (529 SE2d 899) (2000).
[7] *Felix v. State*, 234 Ga. App. 509, 512 (4) (507 SE2d 172) (1998), vacated and remanded on other grounds, 271 Ga. 534, 540 (523 SE2d 1) (1999), aff'd on remand, 241 Ga. App. 323 (1) (526 SE2d 637) (1999).
[8] *Fain v. State*, 211 Ga. App. 399, 401 (1) (439 SE2d 64) (1993).
[9] *Cooper v. State*, 237 Ga. App. 837, 839 (2) (517 SE2d 85) (1999).